THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE PIERCE, Relator, *v.* BURTON G. HOWE, as Sheriff of the County of Suffolk, Respondent.*

Supreme Court, Suffolk County, September 5, 1926.

Crimes — operating motor vehicle while intoxicated in violation of Highway Law, § 290, subd. 3 — relator was held to await action of grand jury — punishment is fixed by Penal Law, § 1937, at imprisonment for not more than one year or a fine of $500, or both — habeas corpus to release relator on ground he should have been tried at Special Sessions — Code of Criminal Procedure, § 56, subd. 26-b, impliedly repealed by Laws of 1926, chap. 720, amending subd. 35, which amendment was made after, but went into effect before subdivision 26-b — subdivision 35 controls — relator entitled to be tried at Special Sessions.

The relator who was arraigned before a justice of the peace, charged with a violation of subdivision 3 of section 290 of the Highway Law in that he operated an automobile on a public highway while intoxicated, was held by the magistrate to await the action of the grand jury. The relator was entitled to be tried by the justice of the peace as a Court of Special Sessions and sentenced under section 1937 of the Penal Law, which provides a maximum punishment of one year or a fine of $500 or both, for while subdivision 26-b of section 56 of the Code of Criminal Procedure, which became a law by the terms of its enactment on the 1st day of May, 1926, limits the jurisdiction of Courts of Special Sessions to cases in which the punishment shall not exceed $50, or imprisonment for six months, that subdivision was impliedly repealed by subdivision 35 of section 56 which was amended by chapter 720 of the Laws of 1926, passed after the statute which added subdivision 26-b, but which became a law on April 30, 1926, prior to the time when subdivision 26-b became effective. The two subdivisions are inconsistent and cannot stand and, therefore, subdivision 35, which was amended after subdivision 26-b but went into effect before, must

control, and under that subdivision the jurisdiction of Courts of Special Sessions extends to a violation of subdivision 3 of section 290 of the Highway Law, notwithstanding the punishment is for a maximum period of one year or a fine of $500, or both.

HABEAS CORPUS proceeding for release of person charged with operating an automobile while intoxicated.

*Carl J. Heyser,* for the relator.

*George W. Hildreth, District Attorney [Alexander G. Blue* of counsel], for the respondent.

CALLAGHAN, J. The relator was arraigned before a justice of the peace in the town of Brookhaven, Suffolk county, charged with operating an automobile on a public highway while intoxicated. The justice held him in bail to await the action of the grand jury and in default of which he was committed to the Suffolk county jail. He contends in this proceeding that the justice was without power to hold him to await the action of the grand jury and that the justice should have sat as a Court of Special Sessions and disposed of the charge by trial.

The charge against the relator was made pursuant to article XI, section 290, subdivision 3, of the Highway Law (as amd. by Laws of 1926, chap. 732). That section provides, among other things, that one driving an automobile while in an intoxicated condition is guilty of a misdemeanor, but provides no punishment upon conviction. Punishment must, therefore, upon conviction, be imposed pursuant to section 1937 of the Penal Law, which provides that a person convicted of a misdemeanor for which no other punishment is prescribed is punishable by imprisonment for not more than one year or a fine not exceeding $500, or by both.

The New York State Constitution (Art. VI, § 18) empowers the Legislature to fix the jurisdiction of justices of the peace. It provides that Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law.

At the last session of the Legislature section 56 of title VI of the Code of Criminal Procedure, which deals with the jurisdiction of Courts of Special Sessions, was amended by adding thereto subdivision 26-b, which provides that the Courts of Special Sessions have jurisdiction to hear and determine " All violations of the provisions of articles eleven and eleven-a of the Highway Law except those which may be punishable by a fine exceeding fifty dollars, or by imprisonment exceeding six months." (Laws of 1926, chap. 251.)

That statute became a law with the approval of the Governor

on the 5th day of April, 1926, but by its terms did not take effect until the 1st day of May, 1926. Thereafter, and at the same session of the Legislature, subdivision 35 of section 56 of the Code of Criminal Procedure was amended so as to provide that the Courts of Special Sessions shall have jurisdiction to hear and determine " All violations of the provisions of the agricultural, poor, general business, highway, general highway traffic and labor laws and ordinances of the cities, villages and towns and commissions and districts of the county, cities, villages and towns when authorized by law to adopt the same."

The last-mentioned statute became a law on the 30th day of April, 1926, with the approval of the Governor, and by its terms took effect immediately. It was a part of chapter 720 of the Laws of 1926, and included therein was an amendment to section 717 of the Code of Criminal Procedure, which is as follows: " When the defendant pleads guilty, or is convicted either by the court or by a jury, the court must render judgment thereon, of fine or imprisonment, or both, as the case may require; but the fine cannot exceed fifty dollars, nor the imprisonment six months, *except where otherwise provided by law or ordinance*," the amendment being the addition of the words " except where otherwise provided by law or ordinance."

It is apparent, therefore, that subdivision 35 of section 56 of the Code of Criminal Procedure is irreconcilably in conflict with subdivision 26-b of the same section. The statute making it a misdemeanor for one to drive an automobile while in an intoxicated condition is found in subdivision 3 of section 290, article XI, of the Highway Law. Subdivision 26-b of section 56 of the Code of Criminal Procedure vests in the Courts of Special Sessions jurisdiction to try and determine all violations of article XI of the Highway Law, while subdivision 35 of the same section is broad enough to vest jurisdiction to try and determine all violations of any of the provisions of that law.

By subdivision 26-b punishment of not to exceed fifty dollars, or by imprisonment not to exceed six months, is prescribed. Had not subdivision 35 been amended by the Legislature that would be the limit of the fine which might be imposed after a conviction for a violation of subdivision 3 of section 290 of article XI of the Highway Law, but, as has already been seen, the charge against this relator was a misdemeanor, and as no punishment was prescribed it must be imposed pursuant to the provisions of section 1937 of the Penal Law, and a limitation was placed upon the sentence which might be imposed for such offenses by section 717 of

the Code of Criminal Procedure as it stood prior to the amendment by chapter 720 of the Laws of 1926. By that amendment the Legislature removed the limitation by adding the words " except where otherwise provided by law or ordinance." Subdivision 3 of section 290 of the Highway Law having defined the charge, and section 1937 of the Penal Law having provided the punishment, it is apparent that the Legislature in amending section 717 of the Code of Criminal Procedure had in mind that the punishment to be inflicted upon one convicted of driving an automobile on the highway while in an intoxicated condition should not be limited to a fine of fifty dollars or imprisonment for six months, or both, but that the fine should be imposed the same as in all misdemeanors where no other penalty was provided.

This relator contends that subdivision 26-b of section 56 of the Code of Criminal Procedure applies and that he should have been tried and if found guilty sentenced according to the provisions of that subdivision. That contention would no doubt be sound had it not been for the amendment of subdivision 35 of section 56 of the Code of Criminal Procedure.

It will be noted that subdivision 26-b became a law prior to subdivision 35, but that by its provisions it did not take effect until one day after subdivision 35. We thus have the question of which of two statutes, totally repugnant to each other, the first passed taking effect after the one subsequently passed, must be repealed by implication. These two subdivisions cannot be enforced. The Legislature could not have intended that the limitations prescribed in section 56, subdivision 26-b, should be in effect after it, at the same session, amended subdivision 35. It must have intended by implication to repeal subdivision 26-b. For all that appears the provisions contained in subdivision 35 had not been contemplated at the time subdivision 26-b was enacted. Therefore, there could be no repeal of a statute not yet enacted. Besides the amendment to section 717 of the Code of Criminal Procedure, which was a part of the same chapter (Chap. 720) as subdivision 35, indicates that there was a definite intention on the part of the Legislature to substitute subdivision 35 for subdivision 26-b and thus by implication to repeal subdivision 26-b, and prescribe a more severe punishment for one convicted of the charge made against the relator. The Legislature no doubt had in mind the serious consequences which might follow from one driving an automobile while intoxicated and attempted to fix punishment commensurate with the offense.

It is, of course, the duty of the court to give expression, if possible, to every act of the Legislature, and it is only where the

conflicting statutes cannot be harmonized that a repeal by implication will be decreed, and although there is a strong presumption that the Legislature did not intend a repeal of a statute by the enactment of another at the same session without specifically stating, yet that presumption is overcome when the statutes cannot be harmonized because of their totally repugnant provisions. (*Matter of Tiffany*, 179 N. Y. 455; *Choate* v. *City of Buffalo*, 39 App. Div. 379; affd., 167 N. Y. 597.)

It is further urged here that even if subdivision 35 of section 56 of the Code of Criminal Procedure be held to be the expression of the Legislature in conferring jurisdiction upon the Court of Special Sessions in charges of this character, that it should be held that the punishment which would follow a conviction is so severe as to deprive the accused of his right to be prosecuted by indictment and to be tried by a common-law jury.

While it is within the power of the Legislature generally to define which crimes shall be misdemeanors and which felonies, the punishment following a conviction characterizes the crime. It is not the mere name of the crime which characterizes it. (*People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190; *Ex Parte Wilson*, 114 U. S. 417.)

In the *Craig* case the facts were somewhat similar to the one at bar. The relator there had been charged with the crime of petit larceny as a second offender. After being committed to await the action of the grand jury he procured a writ of habeas corpus to test the power of the court to hold him for the action of the grand jury, claiming that he should have been tried by the Court of Special Sessions. The punishment imposed for such a crime, although it was denominated a misdemeanor, was two years in prison. It was held that the terms of the punishment should determine the nature of the offense and that the prosecution should have been by indictment and not by any information before the Court of Special Sessions. The holding would have, no doubt, been different had the charge been petit larceny as a first offender.

I conclude, therefore, that subdivision 26-b of section 56 of the Code of Criminal Procedure was repealed by the amendment to subdivision 35 thereof and that this relator should have been summarily tried by the justice of the peace sitting as a Court of Special Sessions. The writ is, therefore, sustained and the prisoner discharged from the custody of the sheriff and remanded to the Court of Special Sessions for disposition.