THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE W. PIERCE, Respondent, *v.* BURTON G. HOWE, Sheriff of Suffolk County, Appellant.

Second Department, November 12, 1926.

Courts — Courts of Special Sessions — jurisdiction — relator was arrested, charged with violation of Highway Law, § 290, subd. 3 — relator was charged with driving automobile while intoxicated — said crime is misdemeanor — relator was held for action of grand jury but contends that justice of peace had jurisdiction — punishment is not prescribed by Highway Law — offense is punishable under Penal Law, § 1937, by maximum sentence of one year or fine of not more than $500, or both — Code of Criminal Procedure, § 717, as amended by Laws of 1926, chap. 720, limits fine by Courts of Special Sessions to $50 and punishment to six months — Code of Criminal Procedure, § 56, subd. 26-b, added by Laws of 1926, chap. 251, enacted April 5, 1926, effective May 1, 1926, is similar to § 717 — Code of Criminal Procedure, § 56, subd. 35, as amended by Laws of 1926, chap. 720, enacted April 30, 1926, effective at once, gave Courts of Special Sessions exclusive jurisdiction of crime charged — two statutes are inconsistent — subd. 35, as amended, controls and Court of Special Sessions had jurisdiction and may impose punishment specified in Penal Law, § 1937 — relator discharged and remanded to Court of Special Sessions for final disposition.

The relator, who was charged with violating subdivision 3 of section 290 of the Highway Law in that he operated an automobile while intoxicated, was arraigned before a justice of the peace, who held him to await the action of the grand jury on the ground that he did not have jurisdiction, since the crime, a misdemeanor, was punishable under section 1937 of the Penal Law, which section provides for the punishment of misdemeanors where the punishment is not otherwise specified, by a maximum sentence of one year or a maximum fine of $500, or both. The contention on the part of the appellant is that, under section 717 of the Code of Criminal Procedure, as amended by chapter 720 of the Laws of 1926, and subdivision 26-b of section 56 of the Code of Criminal Procedure, added by Laws of 1926, chapter 251, the jurisdiction of the justice of the peace was limited to a crime punishable by a fine not exceeding $50 or by imprisonment not exceeding six months. Said sections are similar in so far as they prescribe the limits of the jurisdiction of a justice of the peace.

The relator is entitled to be discharged and remanded to the Court of Special Sessions there to be tried, and sentenced under section 1937 of the Penal Law,

18

for it appears that subdivision 35 of section 56 of the Code of Criminal Procedure, as amended by chapter 720 of the Laws of 1926, which was enacted April 30, 1926, effective at once, gave the Court of Special Sessions exclusive jurisdiction of the offense charged against the relator. That amendment which is inconsistent with subdivision 26-b was passed after the addition of said subdivision, although it was effective one day earlier, and is, therefore, the last expression of the Legislature on the question of the jurisdiction of the Courts of Special Sessions in reference to the crime charged.

APPEAL by the defendant, Burton G. Howe, from an order of the Supreme Court, made at the Suffolk Special Term and entered in the office of the clerk of the county of Suffolk on the 5th day of October, 1926, sustaining a writ of habeas corpus releasing the relator from the sheriff's custody and remanding him to the Court of Special Sessions for final disposition.

*Charles B. Partridge, Assistant District Attorney [George W. Hildreth, District Attorney,* and *Alexander G. Blue, Assistant District Attorney,* with him on the brief], for the appellant.

*Carl J. Heyser,* for the respondent.

MANNING, J. The relator was charged with operating, on the 11th day of July, 1926, while intoxicated, an automobile on a public highway leading from Patchogue to Port Jefferson. He was arraigned before a justice of the peace in the town of Brookhaven, and was held to await the action of the grand jury. Pending the grand jury's action he was imprisoned in the county jail of Suffolk county. He petitioned for the issuance of a writ of habeas corpus, alleging that his imprisonment was illegal in that by section 56, subdivision 26-b, of the Code of Criminal Procedure, and section 717 of the same Code, the justice of the peace had exclusive jurisdiction to hear and determine the charge upon which the relator was arrested, and that his action in holding the relator for the grand jury was, therefore, illegal. The court at Special Term sustained the writ, discharged the relator from the custody of the sheriff and remanded him " to the Court of Special Sessions where originally arraigned, for final disposition."

Upon appeal to this court the sheriff contends that the relator had committed an indictable offense and that the action of the justice of the peace in holding him for the grand jury was proper.

The relator was charged with a violation of section 290, subdivision 3, of the Highway Law, which in part provides that " Whoever operates a motor vehicle while in an intoxicated condition shall be guilty of a misdemeanor." The action of the Legislature in denominating the offense of driving while intoxicated a misdemeanor was not an inadvertence, for in 1926 (Laws of

1926, chap. 732) the Legislature, while leaving undisturbed the provision in question, added a provision which made it a felony to inflict bodily injury upon another while driving in an intoxicated condition, thus making a clear distinction between the offense of driving while intoxicated and the more serious offense of inflicting bodily injury upon another while driving in that condition.

The Constitution of the State of New York, by article 6, section 18, provides that Courts of Special Sessions shall have " such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law." However, the question whether an offense is a misdemeanor depends not on its legislative designation but on the punishment prescribed. (*People* v. *Manett*, 154 App. Div. 540.) The Legislature cannot give Courts of Special Sessions jurisdiction of offenses punishable by severe penalties merely by styling them " misdemeanors." (*People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190.)

But while denominating as a misdemeanor the offense of operating an automobile while intoxicated, the Legislature did not prescribe the punishment.

Section 1937 of the Penal Law provides: " A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both."

If, therefore, no other penalty is elsewhere prescribed, the defendant was liable to punishment by imprisonment for not more than one year, or by a fine of not more than $500, or by both, and the justice of the peace was without jurisdiction to render summary judgment; for by an amendment to section 717 of the Code of Criminal Procedure (Laws of 1926, chap. 720), which is incorporated in the title that treats of proceedings in Courts of Special Sessions, it is provided that in those courts, in counties other than New York, the fine cannot exceed fifty dollars, nor the imprisonment more than six months, except where otherwise provided by law or ordinance. So, unless there is some statute that specifically prescribes the punishment, section 1937 governs and the action of the justice of the peace was proper.

By chapter 251 of the Laws of 1926, which was passed on April 5, 1926, but which did not take effect until May 1, 1926, section 56 of the Code of Criminal Procedure was amended by the addition of subdivision 26-b, and as so amended it reads in part as follows:

" Subject to the power of removal provided for in this chapter,

courts of special sessions   *   *   *   have in the first instance exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties, as follows:   *   *   *

" 26-b. All violations of the provisions of articles eleven and eleven-a of the highway law except those which may be punishable by a fine exceeding fifty dollars, or by imprisonment exceeding six months."

This provision, in so far as the limitation of punishment is concerned, is in consonance with section 717 of the Code of Criminal Procedure, which reads as follows:

" § 717. Judgment on conviction.   When the defendant pleads guilty, or is convicted either by the court or by a jury, the court must render judgment thereon, of fine or imprisonment, or both, as the case may require; but the fine cannot exceed fifty dollars, nor the imprisonment six months, except where otherwise provided by law or ordinance."

If, therefore, subdivision 26-b of section 56 is in force, the Court of Special Sessions has no power to hear and determine charges of violations of the Highway Law where the punishment may exceed a six months' imprisonment or a fifty-dollar fine, and unless that section has been repealed the relator was properly held for the grand jury.

But at the same session of the Legislature and subsequently to the enactment of section 56, subdivision 26-b, to wit, on April 30, 1926, an amendment to subdivision 35 of section 56 became a law (Laws of 1926, chaps. 64, 720). As amended, that section provides that Courts of Special Sessions shall have exclusive jurisdiction of " All violations of the provisions of the   *   *   *   highway, general highway traffic and labor laws and ordinances of the cities, villages and towns and commissions and districts of the county, cities, villages and towns when authorized by law to adopt the same."

That amendment became a law on April 30, 1926, and went into effect immediately. It was, therefore, in effect prior to subdivision 26-b, although it was passed subsequently to 26-b. The two provisions are in conflict.

As stated by Mr. Justice Callaghan, who presided upon the return of the writ, we thus " have the question of which of two statutes, totally repugnant to each other, the first passed taking effect after the one subsequently passed, must be repealed by implication."   (128 Misc. 31, 34.)

The General Construction Law (Art. 6, § 100) reads as follows: " No provision of any chapter of the consolidation of the general laws, of which this chapter is a part, shall supersede or repeal

·by implication any law passed at the same session of the Legislature at which any such chapter was enacted, or passed after the enactment of any such chapter and before it shall have taken effect; and an amendatory law passed at such session or any subsequent session begun before any such chapter takes effect, shall not be deemed repealed, unless specifically designated in the repealing schedule of such chapter."

In " Statutes and Statutory Construction " (Book 1, McKinney's Consolidated Laws, § 172) it is stated:

" § 172. Laws passed at same session of Legislature. While it is within the power of the lawmakers to repeal a law immediately after its enactment, it is not the usual practice to pass a repealing act at the same season of the Legislature. And, should the Legislature intend to repeal an act passed during the same session, it is reasonable to suppose that such intent would not be left to implication. The presumption is strong that the Legislature would not repeal an act which is fresh in their minds, without making an express reference to it. Thus, the general rule that repeals by implication are not favored, applies with peculiar force as between two statutes passed at the same session of the Legislature. Moreover, the presumption against a repeal by implication of a prior act passed at the same session is fortified, so far as the effect of the Consolidated Laws is concerned, by section 100 of the General Construction Law. In the case of two statutes passed in the same year, the courts will give them such construction as will make both effective. If, however, the two acts cannot be harmonized so as to give effect to each, the later statute must control as expressing the later judgment of the Legislature, and the earlier act will be repealed to the extent of the repugnancy between the statutes. Indeed, if the latter part of a statute is repugnant to a former part of the same statute, the latter portion may be deemed controlling as the latest expression of legislative intent."

So, therefore, when two statutes are passed at the same session, the rule is that (1) one does not repeal the other by implication, (2) the courts will, if possible, give them such construction as will make them both effective, and (3) where they cannot be harmonized the statute last enacted will control.

I think subdivision 35 must be regarded as the one last enacted. The circumstance that it went into effect one day sooner than section 26-b does not alter the fact that it is the one which received the subsequent consideration of the Legislature. As Mr. Justice CALLAGHAN at Special Term states: " The Legislature could not have intended that the limitations prescribed in section 56, sub-

division 26-b, should be in effect after it, at the same session amended subdivision 35."

It follows, therefore, that the Court of Special Sessions had exclusive jurisdiction of the offense with which the relator is charged, and that it has the power, if guilt is established, of imposing the penalty prescribed by section 1937 of the Penal Law.

The order of the Special Term should be affirmed.

KELLY, P. J., JAYCOX, YOUNG and KAPPER, JJ., concur.

Order sustaining writ of habeas corpus and remanding relator to the Court of Special Sessions unanimously affirmed.