THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JACK MONAHAN, Respondent.

(Argued September 28, 1931; decided November 17, 1931.)

*Arthur G. Adams, District Attorney,* for appellant. The Legislature by section 182 of the Village Law only intended to confer upon Police Courts exclusive juris-

diction of those misdemeanors mentioned in sections 56 and 56-a of the Code of Criminal Procedure. (*People* v. *McClellan*, 133 Misc. Rep. 280; *People* v. *Kraft*, 135 Misc. Rep. 585.) If the jurisdiction of the Supreme and County Courts is to be limited, limitations must be made by language that is plain, simple and direct, not by language that is either ambiguous or confused. (*People* v. *McDonald*, 26 Hun, 156; *People* v. *McClellan*, 130 Misc. Rep. 280; *People* v. *Kraft*, 135 Misc. Rep. 585; *People* v. *Henries*, 136 Misc. Rep. 224.) Major misdemeanors not mentioned in sections 56 and 56-a must be prosecuted by indictment. (*People* v. *Belle*, 131 Misc. Rep. 610; *People* v. *Kraft*, 229 App. Div. 281; *People* v. *McDonald*, 26 Hun, 156; *People* v. *McClellan*, 133 Misc. Rep. 280; *People* v. *Kelley*, 230 App. Div. 249; *People* v. *Henries*, 136 Misc. Rep. 224; *People* v. *Corbin*, 227 App. Div. 840; *People* v. *Baxter*, 196 App. Div. 824.)

*Bert T. Baker* for respondent. The Police Court of the village of Groton had exclusive jurisdiction, in the first instance, subject to the right of removal, as provided by the Code of Criminal Procedure, to a court having authority to inquire by the intervention of a grand jury into offenses committed within the county. (Village Law, § 182; *People* v. *Kraft*, 229 App. Div. 281; *People* v. *Kelly*, 230 App. Div. 239; *People* v. *Belle*, 131 Misc. Rep. 610; *People* v. *Monahan*, 233 App. Div. 16; *People* v. *Casey*, 233 App. Div. 18; *People* v. *Howe*, 218 App. Div. 273.) A certificate of removal can be granted for other misdemeanors than those minor offenses enumerated in section 56 of the Code of Criminal Procedure. (*People* v. *Kraft*, 229 App. Div. 281; *People* v. *Cooper*, 42 Hun, 196.)

CRANE, J. The defendant was indicted by the grand jury of Tompkins county for an alleged violation of section 1530 of the Penal Law, charged with maintaining a public nuisance in the village of Groton, Tompkins

county, New York. The County Court dismissed the indictment for lack of jurisdiction, and the question presented is whether section 182 of the Village Law (Cons. Laws, ch. 64) gives exclusive jurisdiction over misdemeanors to the police justice of the village.

Inferior local courts of civil and criminal jurisdiction may be established by the Legislature. Courts of Special Sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the Legislature may authorize them to try such offenses without a jury. (N. Y. Const. art. VI, § 18.)

The Village Law, by section 182, defines the criminal jurisdiction of the village police justice. It reads:

" § 182. Criminal jurisdiction of village police justice. The police justice of a village may hold a court of special sessions therein and shall have in the first instance exclusive jurisdiction to hear, try and determine charges of any misdemeanor committed within such village subject to the right of removal, as provided by the code of criminal proceedure, to a court having authority to inquire by the intervention of a grand jury into offenses committed within the county. Such police justice shall have exclusive jurisdiction to take the examination of a person charged with the commission in such village of a felony and also to hear, try, and determine charges against a person of being a vagrant or disorderly person within such village, or of having committed disorderly conduct therein; and to take such proceedings in either of such cases as may be taken by a justice of the peace, or magistrate with all the powers and subject to all the duties and liabilities of same. * * * "

Prior to the amendment made by the Laws of 1927, chapter 650, section 26, this section read: " The police justice of a village may hold a court of special sessions therein and shall have in the first instance exclusive jurisdiction to hear, try and determine charges of a

misdemeanor committed within such village and triable by a court of special sessions, subject to the right of removal," etc.

And as to the examinations, it read: " To take the examination of a person charged with commission in such village of a crime not triable by a court of special sessions."

The change made was by substituting *any misdemeanor* for *a misdemeanor* and striking out the words " not triable by a court of special sessions." And as to examination, the change made was by taking out the words " of a crime not triable by a court of special sessions," and substituting the words " of a felony."

Thus the Legislature extended to the police justice of the village the jurisdiction possessed by the Special Sessions in cities of trying all misdemeanors and restricting him to preliminary hearings in felony cases.

Since the amendment of section 717 of the Code of Criminal Procedure in 1926, any Court of Special Sessions having jurisdiction may impose the punishment provided by statute regardless of the former limitation. The sentence may be " imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both," unless otherwise provided. (Penal Law, § 1937; *People ex rel. Pierce* v. *Howe,* 218 App. Div. 273; *People* v. *Kraft,* 229 App. Div. 281.)

The District Attorney on this appeal has argued that the Village Law should be interpreted to confine the jurisdiction of the police justice to those misdemeanors which can be removed into the higher courts under the provisions of sections 57 and 58 of the Code of Criminal Procedure. Title VI of part I of the Code of Criminal Procedure relates to Courts of Special Sessions and police. Section 56 reads: " Subject to the power of removal provided for in this chapter, courts of special sessions, except in the city and county of New York and the city of Albany, have in the first

instance exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties, as follows: * * *." Then follows the enumeration of thirty-nine specified offenses, of which the maintaining of a nuisance (Penal Law, § 1530) is not one. There are many other misdemeanors not included in this enumeration. Sections 57 and 58 provide for the removal into the County Court or the Supreme Court of any of the misdemeanors enumerated in section 56, under the certificate of a county judge or a justice of the Supreme Court that it is reasonable that such charge be prosecuted by indictment. We are asked to hold that the Village Law read in connection with these provisions of the Code of Criminal Procedure should restrict the jurisdiction of the police justice to the misdemeanors enumerated in section 56 of the Code of Criminal Procedure because, it is said, these are the ones which may be removed into the County or the Supreme Court, pursuant to sections 57 and 58. The Village Law must be deemed to say, " any misdemeanor within such village *which is* subject to the right of removal as provided by the code of criminal procedure." But the words " which is " are not in the statute. We cannot give the Village Law such a restricted meaning. We take it as it reads. The police justice has exclusive jurisdiction of any misdemeanor committed within the village, subject to the right to remove it into the County Court or the Supreme Court in accordance with the *method provided* in sections 57 and 58. Not only is this the reasonable interpretation to give to the words " subject to the right of removal as provided by the code of criminal procedure," but it is in line with the apparent purpose of the Legislature to conform the jurisdiction of the village police justice holding Special Sessions with the Courts of Special Sessions in the cities of the State. As long as the courts of record keep control over the trial of misdemeanors through the power of removal in a

proper case, there is no reason for us to narrow the pro-
visions of section 182 in the way suggested.

Upon this point we approve of the ruling in *People* v.
*Kraft* (229 App. Div. 281) and *People* v. *Monahan* (233
App Div. 16).

The judgment should be affirmed.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN
and HUBBS, JJ., concur.

Judgment affirmed.