THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MAURICE MERSON, Defendant.

County Court, Nassau County, December 21, 1931.

*Morris Alfred Vogel,* for the motion.

*J. Charles Zimmerman, amicus curiæ.*

*Elvin N. Edwards,* District Attorney [*Philip Huntington* of counsel], opposed.

BONYNGE, J.   An indictment in eight counts has been returned against the defendant charging him with being a common gambler, operating a gaming house and maintaining a public nuisance. All of the alleged offenses were committed in the city of Long Beach and none rises above the level of a misdemeanor.   The defendant moves to dismiss the indictment on the ground that the City Court of Long Beach has exclusive jurisdiction, relying upon the recent decision of the Court of Appeals in *People* v. *Monahan* (257 N. Y. 388).

Long Beach, formerly a village, was raised to the dignity of a city by a special act of the Legislature (Laws of 1922, chap. 635). Section 254 of its charter provides that " All special and general laws applicable to the village of Long Beach not inconsistent herewith shall remain applicable to the city of Long Beach as though the same were incorporated specifically in this charter." And section 186* thereof declares that the City Court of Long Beach shall, except as otherwise provided, have the same jurisdiction " as a justice of the peace of a town and his court."

In *People* v. *Monahan* (*supra*) the Court of Appeals has ruled that under the 1927 amendment of section 182 of the Village Law (Laws of 1927, chap. 650), a police justice of an incorporated village acquired " exclusive jurisdiction to hear, try and determine charges of a misdemeanor committed within such village."   It does not follow, however, that Long Beach or its City Court profited by this amendment.   As it ceased to be a village in 1922, so it ceased from that time to gain anything by subsequent alterations of the Village Law.   ( *Knapp* v. *City of Brooklyn,* 97 N. Y. 520; *Matter of Altering, etc., Main St., Sing Sing,* 98 id. 454.)   A babe that is weaned suckles no further sustenance from its mother's breast.

From this it follows that the jurisdiction of the City Court is limited and defined by the provisions of the charter of the city of Long Beach and of the Code of Criminal Procedure (§§ 56 *et seq.*), and that such jurisdiction has been in no wise enlarged by the 1927 amendment of the Village Law.   The result is anomalous, but that is a consideration for the Legislature and not for the courts.

Motion to dismiss indictment denied.

---

* Since amd. by Laws of 1932, chap. 270.— [REP.