THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ARTHUR LORD, Defendant.

County Court, Suffolk County, February 8, 1932.

*Edgar F. Hazelton,* for the motion.

*Fred J. Munder* [*Alexander G. Blue, District Attorney*], opposed.

HAWKINS, J. The defendant was arraigned before a justice of the peace of the town of Huntington for a violation of section 1530 of the Penal Law, which is a misdemeanor punishable, under section 1937 of the Penal Law, by imprisonment for one year or by a fine of $500, or by both. On the arraignment he was not tried, but was held to await the action of the grand jury of Suffolk county, which has indicted him. He now moves for dismissal of the indictment on the ground that the crime was triable in the

first instance before the justice of the peace sitting as a Court of Special Sessions, under subdivision 38 of section 56 of the Code of Criminal Procedure, and says that he was deprived of the election of being there tried, as provided in section 211 of the Code of Criminal Procedure, and asks that the case be remanded for trial there, as was done in *People ex rel. Pierce* v. *Howe* (218 App. Div. 273).

Courts of Special Sessions derive their jurisdiction and power to act in a given case from statute. They are distinctly not courts of general jurisdiction. They have only such powers as are, pursuant to the Constitution and legislation enacted thereunder, expressly conferred. (*People* v. *Kraft*, 229 App. Div. 281, 283, 284.)

Section 56 of the Code of Criminal Procedure defines the jurisdiction of Courts of Special Sessions, which include the court of a justice of the peace. It is there provided that " subject to the power of removal provided for in this chapter, courts of special sessions, except in the city and county of New York and the city of Albany, have in the first instance exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties, as follows." Then follow thirty-nine subdivisions. Among these subdivisions we find misdemeanors that are punishable by imprisonment and fine exceeding six months and fifty dollars.

Section 717 says that a Court of Special Sessions, on a plea of guilty or after conviction, " must render judgment thereon, of fine or imprisonment, or both, as the case may require; but the fine cannot exceed fifty dollars, nor the imprisonment six months, except where otherwise provided by law or ordinance."

In the 35th subdivision of section 56 a Court of Special Sessions is given original exclusive jurisdiction of all violations of the Highway Law, which includes a charge of operating an automobile while intoxicated. The punishment for this crime is, under section 1937 of the Penal Law, imprisonment for not exceeding one year or a fine of not exceeding $500, or both. This is a case, therefore, where specific jurisdiction is given, under subdivision 35 of section 56, for which a punishment of more than six months is provided by law. The exception mentioned in section 717, " except where otherwise provided by law or ordinance," exists. Therefore, so far as the jurisdiction over this class of cases is concerned, which is specifically conferred, the limitation mentioned in section 717 does not operate. As Judge CRANE said in *People* v. *Monahan* (257 N. Y. 388, at p. 391): " Since the amendment of section 717 of the Code of Criminal Procedure in 1926, any Court of Special Sessions

*having jurisdiction* may impose the punishment provided by statute regardless of the former limitation."

But that applies only to the cases over which the Courts of Special Sessions are expressly and specifically given jurisdiction in the various subdivisions of section 56.

Subdivision 38 of that section confers jurisdiction in other cases as follows: " When a complaint is made to or a warrant is issued by a committing magistrate for any misdemeanor not included in the foregoing subdivisions of this section, if the accused shall elect to be tried by a court of special sessions, as provided by section two hundred and eleven. But this subdivision shall not apply to any misdemeanor which is or may be punishable by a fine exceeding fifty dollars, or by imprisonment exceeding six months."

Section 211 says: " If the crime with which the defendant is charged be one triable, as provided in subdivision thirty-seven [now thirty-eight] of section fifty-six, by a court of special sessions," the magistrate before whom the defendant appears must inform him of his right to be tried by a Court of Special Sessions, and must ask him how he will be tried. This should be read in connection with sections 57 and 58 which give an accused the privilege of an adjournment of five days within which to obtain a certificate for removal from the jurisdiction of the Court of Special Sessions. The defendant in the case before me now says that since section 717, which was amended and re-enacted in 1926, authorizes the imposition of sentence by a justice of the peace exceeding six months' imprisonment or a fifty-dollar fine where authorized by law, his jurisdiction is extended so that there is no such limitation in subdivision 38 of section 56, which was last re-enacted in 1897. In other words, that the sentence in that subdivision, " but this subdivision shall not apply to any misdemeanor which is or may be punishable by a fine exceeding fifty dollars, or by imprisonment exceeding six months," is no longer applicable.

I do not so construe that subdivision.

Section 717 empowers a Court of Special Sessions to render any sentence authorized by any provision of law in a case over which it is specifically given jurisdiction. This includes the specific grants of jurisdiction mentioned in the thirty-nine subdivisions of section 56 except subdivision 38.

Subdivision 38 applies to " any misdemeanor not included in the foregoing subdivisions of this section." As to any misdemeanor which is not so specifically included in the foregoing subdivisions of this section, section 38 " shall not apply to any misdemeanor which is or may be punishable by a fine exceeding fifty dollars, or by imprisonment exceeding six months."

To hold with the defendant here would compel a construction that Courts of Special Sessions are empowered by this subdivision 38 to hear and determine originally and exclusively all misdemeanors, and that no misdemeanor is, therefore, indictable except where an accused has elected under section 211 that he be not tried before a Court of Special Sessions.

The offense charged in this indictment is a violation of section 1530 of the Penal Law, which is a misdemeanor as defined in section 1532. No subdivision of section 56 of the Code of Criminal Procedure confers jurisdiction upon the Courts of Special Sessions over this particular misdemeanor. It is not conferred by subdivision 38, because it is punishable by a fine exceeding fifty dollars or by imprisonment exceeding six months, and is, therefore, excepted from its provisions. Section 717 of the Code of Criminal Procedure does not confer additional jurisdiction upon the Courts of Special Sessions; it merely authorizes the rendering of the sentence prescribed by law in cases where the court already has jurisdiction of the offense.

*People ex rel. Pierce* v. *Howe* (218 App. Div. 273), urged by the defendant, held that a justice of the peace could impose the sentence prescribed in section 1937 of the Penal Law, even though it was for more than six months, on a person charged with operating an automobile while intoxicated, because jurisdiction of this offense was expressly conferred in subdivision 35 of section 56. That case merely held that subdivision 35 was not limited by subdivision 26-b. *People* v. *Kraft* (229 App. Div. 281), also urged by the defendant, merely stated that where a police justice of a village or a magistrate in a city is expressly given jurisdiction of a crime, he can render such judgment and impose such sentence as is provided by law, and is not limited to six months or fifty dollars, which is the limitation imposed by section 717 in cases where there is no provision for other punishment. The statement in that case was confirmed in *People* v. *Monahan* (257 N. Y. 388), which is also urged by the defendant in support of his contention. But that case was one where a police justice of a village had jurisdiction expressly conferred upon him by section 182 of the Village Law, as amended, to try any misdemeanor. It was held that since jurisdiction was expressly conferred over any misdemanor, the punishment provided by law for a given misdemeanor could be meted out by the police justice.

In that case a police justice of a village was held to have original exclusive jurisdiction of a violation of section 1530 of the Penal Law. I am mindful of the apparent inconsistency of the law in conferring upon a village police justice jurisdiction, under section 182

of the Village Law (as amd. by Laws of 1927, chap. 650) over any misdemeanor, including a violation of section 1530 of the Penal Law, when it did not confer as great a jurisdiction upon justices of the peace of towns. Nevertheless, as was said in *People* v. *Kraft* (*supra*, at p. 285): " It is clear that the Legislature had a definite purpose in mind to extend the jurisdiction of police courts of villages to include a greater number of misdemeanors than those triable by the courts held by justices of the peace and other officers having similar authority." When *People* v. *Monahan* was in the Appellate Division, the court said, *per curiam:* " It may not be amiss to emphasize the fact that the various statutes adopted and amended through the years contain apparent inconsistencies difficult to reconcile. The correction involves the exercise of legislative, rather than judicial, function. (233 App. Div. 16, 17.) "

The motion to dismiss the indictment is denied.