COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.* H. W. E. REALTY CO. OF BROOKLYN, INC., Defendant.

Supreme Court, Special Term, New York County, December 3, 1946.

*T. Carlyle Jones* and *Daniel Miner* for defendant.

*Bernard Katzen, General Attorney for State Insurance Fund* (*Harry Schechter* and *William H. Stieglitz* of counsel), for plaintiffs.

WALTER, J.   Defendant moves to dismiss, as insufficient upon its face, a complaint which alleges: Negligent acts of defendant caused an employee of a tenant of defendant to sustain on July 27, 1944, personal injuries from which such employee died on the same day; that tenant had insured its liability to its employees under a policy issued to it by the State Insurance Fund.   Pursuant to an award under the Workmen's Compensation Law, the State Insurance Fund paid to said employee's widow, the sole person entitled to death benefits under said law, $200 funeral expenses and $6.79 per week until she died

on August 24, 1945, said weekly payments having totaled $381.21. Another award made under said law on May 6, 1946, directed the State Insurance Fund to pay to the Special Fund for Reopened Cases $1,618.79, being the difference between $2,000 and said compensation of $381.21, and such payment was made.

Upon these allegations plaintiffs seek to recover said sum of $1,618.79 with interest from May 20, 1946.

The proposition urged in support of the motion to dismiss is first, that when the employee was killed and when his widow died there was no statute in existence giving plaintiffs any right to recover said $1,618.79, and, second, that no subsequently enacted statute giving such right can be considered because to permit plaintiffs to recover because of a right given by a subsequently enacted statute would be giving such statute a retroactive effect.

For the moment I pass the second branch of the proposition as perhaps unnecessary to be decided, and turn to the dull and uninteresting task of tracing the statutory history.

Experience in administering the Workmen's Compensation Law demonstrated the advisability of giving certain types of cases special treatment (see *Phoenix Ind. Co.* v. *Staten Island R. T. Ry Co.*, 251 N. Y. 127, 135), and in the course of time there developed three special funds, each consisting in part of more or less arbitrarily fixed sums which employers or their insurance carriers were required to pay. The Special Disability Fund and the Vocational Rehabilitation Fund are provided for and dealt with in subdivisions 8 and 9 of section 15 of the Law. The Fund for Reopened Cases is provided for and dealt with in section 25-a of the Law, which was inserted in the law by chapter 384 of the Laws of 1933. The amounts payable into that fund were fixed at varying amounts by chapter 252 of the Laws of 1939, chapter 686 of the Laws of 1940, chapter 376 of the Laws of 1941, chapter 378 of the Laws of 1942, and chapter 472 of the Laws of 1945, the last mentioned of which provides that in each case of death resulting from injury sustained after July 1, 1940, where there are persons entitled to compensation but the total amount of such compensation is less than $2,000, the insurance carrier shall pay into the fund the difference between $2,000 and the compensation actually paid.

The $1,618.79 here sought to be recovered thus plainly is plaintiffs' payment of an award in accordance with section 25-a (not of an award in accordance with subdivisions 8 and 9 of section 15), and the present search is for a statute giving **plaintiffs a right to recover such payment.**

A right to recover payments of awards made under subdivisions 8 and 9 of section 15 was given by chapter 615 of the Laws of 1922 (see *Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co.,* 251 N. Y. 127, affd. *sub nom. Staten Island Ry.* v. *Phoenix Co.,* 281 U. S. 98), and was continued by chapter 695 of the Laws of 1934 and chapter 328 of the Laws of 1935.

By chapter 87 of the Laws of 1937 which became a law and took effect March 19, 1937, section 29 was made to provide (subd. 6): In case of the payment of an award in accordance with subdivisions 8 and 9 of section 15 and in accordance with section 25-a such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment which shall be in addition to any cause of action by the legal representatives of the deceased.

By chapter 684 of the Laws of 1937 which became a law May 27, 1937, and took effect September 1, 1937, section 29 was made to provide: " 5. In case of the payment of an award to the commissioner of taxation and finance in accordance with subdivisions eight and nine of section fifteen such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment * * * which shall be in addition to any cause of action by the legal representatives of the deceased. * * * "

By chapter 98 of the Laws of 1939, which became a law and took effect March 22, 1939, subdivision 5 of section 29 was amended to provide: " 5. In case of the payment of an award * * * in accordance with subdivisions eight and nine of section fifteen such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment * * * which shall be in addition to any cause of action by the legal representatives of the deceased. * * * "

By chapter 93 of the Laws of 1946 (§ 1), which became a law and took effect March 7, 1946, subdivision 5 of section 29 was amended to provide: " 5. In case of the payment of an award * * * in accordance with subdivisions eight and nine of section fifteen and in accordance with section twenty-five-a such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment * * * which shall be in addition to any cause of action by the legal representatives of the deceased. * * * "

And by section 2 of that same enactment, chapter 87 of the Laws of 1937 was repealed.

It thus will be observed that a right to recover payments of awards made under section 25-a was given by chapter 87 of the Laws of 1937 and by chapter 93 of the Laws of 1946; but between those two enactments there were chapter 684 of the Laws of 1937 and chapter 98 of the Laws of 1939 in each of which the only right of recovery mentioned was with respect to awards under subdivisions 8 and 9 of section 15; and defendant's contention is that the right to recover payments of awards under section 25-a which was given by chapter 87 of the Laws of 1937 was repealed by chapter 684 of the Laws of 1937, and hence such right did not exist from September 1, 1937 (the effective date of L. 1937, ch. 684) until March 7, 1946 (the effective date of L. 1946, ch. 93).

Plaintiffs urge, on the other hand, that as the right to recover payments of awards under section 25-a was given by chapter 87 of the Laws of 1937, it is unreasonable to suppose that the same Legislature intended to take that right away by chapter 684 of the Laws of 1937.

The rule undoubtedly is that when a statute is amended to read as follows, the parts of the old statute which are omitted from the amendment are repealed (*Randall* v. *Bailey*, 288 N. Y. 280, 289). But it also has been declared that the rule that repeal by implication is not favored applies with peculiar force to statutes enacted at the same session of the Legislature (*Board of Education* v. *Rogers*, 278 N. Y. 66, 71) and the courts sometimes go to great lengths to avoid the conclusion that something enacted at one session of the Legislature has been repealed by its omission from a later enactment at the same session. (*McMaster* v. *Gould*, 240 N. Y. 379, 384; *People ex rel. Chadbourne* v. *Voorhis*, 236 N. Y. 437; *People ex rel. Pierce* v. *Howe*, 128 Misc. 31, affd. 218 App. Div. 273, 277; *Loew* v. *Interlake Iron Corp.*, 183 Misc. 303).

Plaintiffs point to numerous circumstances respecting chapters 87 and 684 of the Laws of 1937 which they claim indicate the absence of any intent that the latter should repeal the right of recovery given by the former. I need not discuss them at length. The three which persuade me are, first, that the existence of a right to recover payments of awards made under subdivisions 8 and 9 of section 15 is not inconsistent with the existence of a right to recover payments of awards made under section 25-a, and hence chapters 87 and 684 are not so inconsistent with each other that both may not be given concurrent effect; second, that in enacting chapter 93 of the Laws of 1946 the Legislature expressly stated that chapter 87 of the Laws

of 1937 was thereby repealed, and thus gave clear evidence that in its mind it had not been previously repealed; and third, the manifest justice of what in *Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co.* (251 N. Y. 127, 135, *supra*) was described as placing the burden of the contribution upon the wrongdoer whose wrongful act made the contribution necessary.

I conclude, therefore, that a statutory right to recover payments of awards made under section 25-a has been in existence continuously since March 19, 1937, and it hence is unnecessary to consider whether or not plaintiffs could recover in this case if they had to rely solely upon chapter 93 of the Laws of 1946.

The motion to dismiss the complaint is accordingly denied.