Felix J. Aulisi, J.
Plaintiff seeks to recover the sum of $43,145.93, and interest and penalties, being the moneys alleged to be owed to the county on the tax imposed on total admissions to the defendant raceway, located in the city of Saratoga Springs, County of Saratoga, during the period from June 6, 1957 to August 24, 1957. The tax was imposed pursuant to a local law enacted by- the county and in accordance with chapter 148 of the Laws of 1952 as amended.
The defendant attacks the statutory authority of the county to impose the tax and pursuant to rule 106 of the Rules of Civil Practice has brought this motion to dismiss the complaint in this action for failure to state a cause of action.
The parties agree that the only question to be determined is whether the plaintiff is empowered to impose an admission tax in accordance with paragraph (a) of subdivision 1 of section 1 of chapter 148 of the Laws of 1952, as it presently stands amended. What we have here is an issue of statutory construction. Did chapter 287 of the Laws of 1954 operate to effect a repeal of chapter 148 of the Laws of 1952, as amended by chapter 245 of the Laws of 1954.
The relevant provisions of the basic statute in question, chapter 148 of the Laws of 1952 (§ 1, subd. 1, par. [a]) read as follows: ‘‘ any county, except a county wholly within a city, is hereby authorized and empowered to adopt and amend local laws imposing, in accordance with the provisions of the act, a tax on general admissions to harness horse race meetirgs conducted in such county outside a city
*701 In 1953 the Legislature by chapter 334 of the laws of that year enacted an amendment extending the power to impose such tax “ on general admissions to harness horse race meetings conducted in such county wholly outside a city or partly within and partly outside a city having a population not in excess of one hundred thousand ”.
Since the defendant raceway was entirely within the city of Saratoga Springs, neither the basic statute nor the 1953 amendment afforded the plaintiff the authority or power to impose an admission tax.
The 1954 Legislature enacted two laws both purporting to be amendments to chapter 148 of the Laws of 1952, as amended by chapter 334 of the Laws of 1953. Chapter 245, was signed by the Governor on March 26, 1954 and became effective on the same day, and chapter 287 was approved by the Governor three days later, March 29, 1954, and it became a law immediately.
Chapter 245 of the Laws of 1954 reads as follows: “ Section 1. Subdivision one of section one of chapter one hundred forty-eight of the laws of nineteen hundred fifty-two, entitled ‘An act to enable certain counties and cities to impose a tax on admissions to harness horse race meetings and providing for the collection and administration of such tax,’ as last amended by chapter three hundred thirty-four of the laws of nineteen hundred fifty-three, is hereby amended to read as follows:
“ 1. Notwithstanding the provisions of chapter two hundred fifty-four of the laws of nineteen hundred forty, constituting the pari-mutuel revenue law, or any other general, special or local law:
“ (a) any county, except a county wholly within a city, is hereby authorized and empowered to adopt and amend local laws imposing, in accordance with the provisions of this act, a tax on general admissions to harness horse race meetings conducted in such county except race meetings conducted within a city having a population in excess of one hundred thousand ; and
“ (b) any city having a population in excess of one hundred thousand is hereby authorized and empowered to adopt and amend local laws imposing, in accordance with the provisions of this act, a tax on general admissions to harness horse race meetings conducted in such city.
“ § 2. This act shall take effect immediately.”
Chapter 287 of the Laws of 1954 reads as follows:
‘ ‘ Section 1. Section one of chapter one hundred forty-eight of the laws of nineteen hundred fifty-two, entitled ‘ An act to enable certain counties and cities to impose a tax on admissions *702 to harness horse race meetings and providing for the collection and administration of such tax.’ subdivision one of such section having been amended by chapter three hundred thirty-four of the laws of nineteen hundred fifty-three, is hereby amended to read as follows:
“ Section 1.1. Notwithstanding the provisions of chapter two hundred fifty-four of the laws of nineteen hundred forty, constituting the pari-mutuel revenue law, or any other general, special or local law:
“ (a) any county, except a county wholly within a city, is hereby authorized and empowered to adopt and amend local laws imposing, in accordance with the provisions of this act, a tax on admissions to harness horse race meetings conducted in such county wholly outside a city or partly within and partly outside a city having a population not in excess of one hundred thousand; and
“(b) any city having a population in excess of one hundred thousand is hereby authorized and empowered to adopt and amend local laws imposing, in accordance with the provisions of this act, a tax on admissions to harness horse race meetings conducted in such city.
“ 2. For the purposes of this act, the term ‘ admissions ’ shall mean the admission charge required to be paid by patrons for admission to a harness race meeting, including any charge required to be paid by such patrons for admission to the clubhouse or other special facilities within the race meeting grounds or enclosure at which the harness race meeting is conducted.
“ § 2. Section two of such chapter, as amended by chapter three hundred thirty-four of the laws of nineteen hundred fifty-three, is hereby amended to read as follows:
“ § 2. Any local law adopted pursuant to section one of this act shall require every corporation, association or person holding a harness horse race meeting within the area to which such law is applicable, to collect in addition to the admission price of tickets sold or otherwise disposed of to patrons for admission, for each such meeting held by such corporation, association or person, a tax not in excess of fifteen per centum of such admission price. In ease of failure to collect such tax the same shall be imposed upon the corporation, association or person holding such meeting. Such tax shall be paid to the county or city within ten days after the close of each such meeting. The amount so collected shall be deposited in the general fund of the county or city and, unless restricted by local law to a specified purpose or purposes, shall be available for any lawful county or city purpose.
*703 “ § 3. This act shall take effect immediately, and any local law hereafter adopted pursuant to section one of this act imposing a tax on admissions to the clubhouse or other special facilities may be made effective for any harness race meeting commencing ten days or more after the enactment of such local law. ’ ’
It is clear from the reading of chapter 245 that the Legislature intended to extend the authority and power to impose the tax to a county on harness horse race meetings conducted wholly within a city having a population of less than 100,000. The later statute, chapter 287, omitted that part of chapter 245 which afforded the plaintiff county such tax power, and merely recites the language of the basic statute (L. 1952, eh. 148) as the same read after the 1953 amendment (ch. 334), with the one exception that it deleted the term “general” before admissions, thereby changing the basis for the tax. Chapter 287 contains no language conveying the impression that the Legislature intended to repeal the prior amendment, chapter 245. The defendant contends that chapter 287 in effect repealed chapter 245.
To sustain defendant’s contention would necessitate disregarding the legislative course and the undoubted object which impelled the passage of chapter 245 because, of the six harness racing tracks — Roosevelt Raceway, Hamburg, Yonkers, Sara-toga, Vernon Downs and Batavia — operating in this State in 1954, Saratoga would be the only track where no admission tax could under law be imposed by either a county or a city.
I do not believe the Legislature intended to accomplish such result. It is a well-established rule of construction that repeal by implication is not favored, and this basic doctrine is given added emphasis where there is involved the construction of two acts enacted at the same session of the Legislature (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 391, 393).
In the absence of express provision for repeal of an earlier statute, there is a presumption that the Legislature did not intend a repeal, and where a clear legislative intent to repeal is not evident, a repeal will not be decreed by the court if the statutes in question are reconcilable (Cimo v. State of New York, 306 N. Y. 143; People v. Dwyer, 215 N. Y. 46; Peterson v. Martino, 210 N. Y. 412).
The general rule, that repeal by implication is not favored, applies with peculiar force to statutes enacted at the same session of the Legislature (Board of Educ. v. Rogers, 278 N. Y. 66, 71). Two acts passed at the same session are not to be construed as inconsistent if they can be read otherwise, in *704 which case they should be construed to give effect to each (McMaster v. Gould, 40 N. Y. 379; People ex rel. Chadbourne v. Voorhis, 236 N. Y. 437; People ex rel. Pierce v. Howe, 128 Misc. 31, affd. 218 App. Div. 273; Loew v. Interlake Iron Corp., 183 Misc. 303).
In examining the statutes here in question, and in view of the presumption that frowns upon implied repeals, I am moved to conclude that both acts should be given effect, and that the Legislature did not intend the enactment of chapter 287 to operate as a repeal of chapter 245. The purpose of each was clearly recited in the caption of respective acts: the earlier one was “ in relation to such tax in certain counties”; the later was “ in relation to the imposition of such tax on all admissions ”. If the Legislature intended to repeal the change in the statute brought about by the enactment of chapter 245, it would have employed specific language to effectuate that aim. The purposes of the acts are not so inconsistent with each other that both may not be given concurrent effect, and I am of the opinion that the Legislature so intended them to be treated.
I therefore conclude that the plaintiff has statutory authority to impose a tax on admissions to defendant harness race meetings conducted in the city of Saratoga Springs, County of Saratoga, in accordance with paragraph (a) of subdivision 1 of section 1 of chapter 148 of the Laws of 1952, as the same presently stands amended.
The motion to dismiss the complaint is denied and an order may be submitted accordingly.