THE PEOPLE OF THE STATE OF NEW YORK EX REL. JOHN LYNCH AND JAMES LYNCH v. JOHN DUFFY, AS SHERIFF OF WESTCHESTER COUNTY.

*Legislative power to give police justices exclusive criminal jurisdiction — right, to deprive justices of the peace of such jurisdiction.*

The legislature has power to clothe police justices with the exclusive right to issue criminal processes within the limits of their jurisdiction. It also has power to take away the jurisdiction of a justice of the peace in criminal cases, which follows by necessity from the power to create a police justice.

Such an act, giving exclusive authority to police justices of a locality, is not a local act decreasing the fees of public officers (justices of the peace) within the provisions of section 18 of title 3 of the Constitution.

APPEAL from an order made by the county judge of Westchester county, in March, 1888, in proceedings had upon the return to a writ of *habeas corpus* discharging the relators from the custody of the respondent and from further imprisonment.

The relators were arrested in the village of Mt. Vernon Washington county, upon a warrant issued by one Edmunds, a justice of the peace of the town of Eastchester in that county upon the charge of having committed the crime of assault in the third degree, which offense, if any was committed, was committed within the territorial limits of the village of Mt. Vernon.

The justice committed the relators to the custody of the sheriff for further examination upon such charge. They thereupon procured a writ of *habeas corpus* issued by said county judge, and directed to the sheriff, upon the return to which the relators were discharged, they claiming that their arrest and detention was illegal because chapter 544 of the Laws of 1887, title 5, section 1, conferred upon the police justice of the said village of Mt. Vernon exclusive jurisdiction in all cases arising within the territorial limits of said village, and prohibited any justice of the peace from exercising such jurisdiction within said limits.

*Lawlor & Swits*, for the relators.

*P. L. McClellan* and *Martin J. Keogh*, for the appellant.

BARNARD, P. J.:

The legislature, in 1887, substantially incorporated the village of Mt. Vernon. By the act chapter 544, Laws of 1887, there was a police justice provided for, and this officer was given exclusive jurisdiction of all criminal process within the corporation limits of the village when he was present and able to act within the village. The relators were arrested on a criminal complaint by a warrant from the justice of the peace when the police justice was present in the village and ready to act. The accused were released on *habeas corpus*, and this appeal brings up for review the propriety of this order. It was competent for the legislature to clothe police justices with the power to exclusively issue all criminal process within the corporate limits. There is scarcely a city where such an officer does not exist in some form and under some name, either judge, police justice or recorder. The power was sustained in *Sill* v. *The Village of Corning* (15 N. Y., 297), and this decision was applied in *The People ex rel. Townsend* v. *Porter* (90 N. Y., 73). The power to take away the jurisdiction of a justice of the peace in criminal cases fol-

lows by necessity from the powers to create a police justice. The act is not a local act decreasing the fees of public officers within the provisions of section 18, article 3 of the Constitution. The title of the act was sufficient. It was designated as an act to amend the general laws as to the incorporation of villages, as to the village of Mt. Vernon, and to enlarge the powers of its officers, and to extend and enlarge the powers of the corporation. The provisions of the act are all addressed to the government of the village and all are germane to the title. (*Matter of Department of Public Parks*, 86 N. Y., 440; *Matter of Knaust*, 101 id., 190.)

The order should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Order affirmed, with costs.