PEOPLE ex rel. SALOOM v. WHITNEY.

(Supreme Court, Appellate Division, Third Department. July 6, 1898.)

1. JUSTICES OF THE PEACE — JURISDICTION — RESTRICTION BY CREATION OF POLICE JUSTICES.

Laws 1897, c. 414, § 182, providing that a police justice of a village shall have exclusive original jurisdiction to try misdemeanors committed within the village, is not unconstitutional because it restricts the criminal jurisdiction of a justice of the peace, since the power to do so necessarily follows from the constitutional grant of power to create police justices.

2. OFFICERS—TERM OF OFFICE—DURATION—EVIDENCE.

A police justice in a village was elected March 20, 1894, and was again elected March 15, 1898, for a term beginning January 1, 1899. He testified that he was police justice at the time of the hearing, and had been since March 20, 1894. He was not asked when his term expired or would expire, and it was not shown for how long a term he was first elected. *Held*, that the evidence justified a finding that the village had a police justice, qualified and acting as such, on March 26, 1898, and up to April 5, 1898.

Appeal from special term, Franklin county.

Habeas corpus by the people, on the relation of Moses Saloom, against Edgar A. Whitney, sheriff of Franklin county. There was an order made by the county judge discharging the relator from the custody of the sheriff, and the district attorney appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Frederick G. Paddock, Dist. Atty., for appellant.

R. M. Moore, for respondent relator.

MERWIN, J.    The relator was arrested on the 26th March, 1898, for an assault in the third degree committed on that day in the village of Malone, in the county of Franklin.    The warrant was issued by a justice of the peace of the town of Malone, before whom, as a court of special sessions, the relator was on the 4th April, 1898, tried and convicted, and sentenced to pay a fine of $25, and be imprisoned in the Franklin county jail until it was paid,—not exceeding 25 days. Under the commitment accordingly issued, the relator was held by the sheriff at the time of the issuing by the county judge of the writ of habeas corpus; and the sheriff, in his return to the writ, justified under this commitment.    The relator, in reply to the return, alleged that his imprisonment was unlawful, for the reason that the alleged offense "was committed in the village of Malone, N. Y., a duly-incorporated village, having a duly-elected police justice, who is duly qualified and acting as such at all the times mentioned herein," and that, therefore, the justice did not have jurisdiction.    At the hearing before the county judge on the 5th April, 1898, Ophir C. Earle was called as a witness, and testified as follows:

"I am police justice of Malone village.    Have been for four years, 20th March last.    I have an office in Malone village, and have been present at that place during all of the month of March, down to the present time, daily; and evenings have left word there, where I could be found.    On the 26th day of March last (on Saturday), I was acting .as police justice of said village, and was present in my office all of the day."

The county judge discharged the relator, on the ground, as appears from his order, that, as it appeared that the offense was committed within the corporate limits of Malone village, which has a police justice, qualified and acting as such, the justice had no jurisdiction.

The contest in this case arises over that provision of the village law (chapter 414 of the Laws of 1897) taking effect July 1, 1897, which confers upon the police justice of a village exclusive jurisdiction to hear a case like the present.    Section 182 of that act has the following provision:

"The police justice of a village may hold a court of special sessions therein and shall have in the first instance exclusive jurisdiction to hear, try and determine charges of a misdemeanor committed within such village and triable by a court of special sessions, subject to the right of removal, as provided by the Code of Criminal Procedure, to a court having authority to inquire by the intervention of a grand jury into offenses committed within the county."

Section 187 of the same act provides for the designation of a justice of the peace of the town as acting police justice during the absence or inability of the police justice to perform the duties of his office.

 The claim of the appellant is that the legislature, under the constitution, has no right to confer exclusive jurisdiction upon a police justice of a village, and in this way restrict the criminal jurisdiction of the justice of the peace to the balance of the town.    The village of Malone includes only a portion of the town, and the offenses triable before the police justice are only those committed within the limits of the village.    The power of the legislature to confer exclusive jurisdiction upon a police justice in such a case was upheld in People v. Duffy, 49 Hun, 276, 1 N. Y. Supp. 896; it being said that the power to take away the jurisdiction of a justice of the peace in criminal cases

follows, by necessity, from the power to create a police justice. The right to establish inferior local courts is given by the constitution. Article 6, § 18. The office of justice of the peace is recognized by the constitution, but its jurisdiction is not therein defined. In People ex rel. Burby v. Howland, 155 N. Y. 276, 49 N. E. 775, 780, it is said:

"The office, as it now exists in towns, was established by the constitution, which does not in express terms say what a justice of the peace shall be. As, however, the office was well known when the constitution was adopted, it is presumed that the framers thereof, and the people, meant to establish it as an office, with such civil and criminal jurisdiction, within the limitations of that instrument, as the legislature saw fit to confer upon it."

In Gertum v. Board, 109 N. Y. 173, 16 N. E. 328, it was said:

"It is undoubtedly beyond the power of the legislature, by direct legislation, to abolish the office of justice of the peace in towns, or shorten their terms of office, so long as the town exists; but they have an unquestioned right to alter and change the limits of their jurisdiction, or abolish the town organization altogether, provided it is done in good faith, and for proper constitutional objects."

This view is recognized as correct in the Burby Case, supra. A different question, however, was there involved. There was there, in effect, an attempt to abolish the criminal jurisdiction of the justices of the peace in the entire town. See same case in the appellate division. 17 App. Div. 165, 174, 45 N. Y. Supp. 347. The principle laid down in the Gertum Case is, I think, applicable here, and leads to the conclusion that the provision of the village law in question, so far as it affected the village of Malone, was not unconstitutional.

A point is made by the appellant that upon the evidence before the county judge there was in fact no police justice in the village of Malone on the 26th day of March, 1898. The argument is that the term of office of the person who had been previously police justice had then expired. It was shown that he was first elected in March, 1894, and qualified on the 20th March, 1894. It was not shown for what term he was then elected, or whether for a full term, or under what act, or when, the office was instituted. It was also shown that he was elected on 15th March, 1898; and under that election he would not, under the village law, if elected for a full term, take office until January 1, 1899. He himself testified (without objection), in substance, that he was then (at the time of giving his testimony) police justice of the village, and had been since 20th March, 1894. He was not asked when his term expired, or would expire, or upon how many occasions he had been elected. The county judge found as a fact that the village "has a police justice, qualified and acting as such." The evidence is somewhat meager upon the subject, but there is, I think, sufficient to justify the finding of the judge. If the fact was as now claimed by the appellant, he could easily have shown it with distinctness. It follows that the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.