(97 Misc. Rep. 160)

## TAYLOR v. NEW YORK TELEPHONE CO.

(Supreme Court, Special Term, Kings County.   October 6, 1916.)

1. TELEGRAPHS AND TELEPHONES ⬅33(3)—DISCONTINUANCE OF SERVICE— NONPAYMENT.

A public service corporation, as a telephone company, may breach its contract by refusal to continue service after the patron's failure to make payment therefor when due.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 21;  Dec. Dig. ⬅33(3).]

2. TELEGRAPHS AND TELEPHONES ⬅33(3)—CONTRACT—NONPAYMENT—DIS- CONTINUANCE—"SUPERSEDE."

Under a contract for telephone service to a subscriber, providing that upon nonpayment of "any sum due" the company might suspend the service until all charges to the time of its restoration should be paid, in- dorsed to the effect that it "supersedes prior contract," the company had no legal right to discontinue telephone service to the subscriber because of an unpaid balance due it under a contract which had terminated prior to or at the time of making the latter contract, since the rights of the parties would be fixed according to the terms of the contract existing be- tween them, and since the word "supersede" means to make void, ineffi- cacious, or useless by superior power, or by coming in place of; to set aside, render unnecessary, suspend, or stay.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 21;  Dec. Dig. ⬅33(3).]

Action by Franklin Taylor against the New York Telephone Com- pany.   On plaintiff's motion to restrain defendant from discontinuing telephone service pending the trial of the action.   Motion granted.

Franklin Taylor, of New York City, for plaintiff.

Charles T. Russell, of New York City, for defendant.

CALLAGHAN, J.   This motion resolves itself into the question as to whether the defendant has the legal right to discontinue tele- phone service to the plaintiff, who is one of its subscribers, because of an unpaid balance due it under a contract which was terminated prior to or at the time of making the contract for service which was in force at the time the action was begun.   The present contract, among other things, provides:

"In the event of  *   *   *   the nonpayment of *any sum due* *   *   *   the company  *   *   *   may suspend the service until  *   *   *   all charges to the time of the restoration of the service have been paid."

[1] The right of a telephone company or any public service cor- poration to discontinue its service is based upon a breach of that contract by the subscriber, and the law has long recognized the right of a public service corporation to breach its contract by a refusal to give service after the patron's failure to make payment when due. Brass v. Rathbone, 153 N. Y. 435, 47 N. E. 905;  People ex rel. Kennedy v. Man. Gaslight Co., 45 Barb. 136.

[2] I must hold, on the affidavits before me, for the purposes of this motion only, that there is a balance due the defendant from plain-

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tiff for service rendered under the first contract, but a breach of that contract by failure of the plaintiff to pay does not furnish an excuse or reason for the breach of the present contract by a failure of the defendant to furnish service. To put defendant's construction upon the contract would be to hold that it could, by right, discontinue service to a patron who might be indebted to it for any cause. Let us assume that the plaintiff was indebted to the defendant for material which it had sold to him, or for an advertisement which he had inserted in the telephone directory; could any one successfully maintain that such an indebtedness would furnish a sufficient excuse or reason for the defendant to breach its contract of service? I think not. Yet the contract provides that service may be discontinued for failure to pay any amount due.

It seems to me that counsel recognizes the force of this position. He contends that in any event the two contracts must be regarded as one—because of an indorsement upon the last contract that it "supersedes prior contract." But the word "superseded" must be given its ordinary meaning, which, to quote the Century Dictionary, is:

"To make void, inefficacious or useless by superior power, or by coming in the place of; set aside; render unnecessary; suspend; stay."

How then can two instruments be regarded as the same contract, if one is superseded by the other? The answer is that each of the instruments constituted a separate contract, and when the new one came into life the old one went out of existence. Something has been said about a small balance due under the present contract, but the defendant recognizes that failure to pay that amount was an oversight, and the affidavits show that it has been paid since the motion was made. The right to restrain a public service corporation from discontinuing service, when there is a breach of a patron's obligations, has long been recognized: Richman v. Consolidated Gas Co., 186 N. Y. 209, 78 N. E. 871; McEntee v. Kingston, 165 N. Y. 27, 58 N. E. 785; Sickles v. Man. Gaslight Co., 66 How. Prac. 314.

I am not unmindful of the many decisions holding that a public service corporation has the right to discontinue service for failure to pay, and the principle laid down by the General Term in People v. Man. Gaslight Co., supra, that there was a right to refuse service for failure to pay a prior indebtedness; but I prefer to fix the rights of the parties according to the terms of the contract existing between them.

The motion is granted. No costs. Settle order on notice.