THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND KROHN, Relator, *v.* JOHN G. THOMAS, Sheriff of Oneida County, Respondent.

Supreme Court, Oneida County, November 6, 1928.

*Willard R. Pratt*, for the relator.

*John J. McGinty, Assistant District Attorney*, for the respondent.

DOWLING, J.  On the 2d of November, 1928, a warrant was issued from the City Court of Utica, N. Y., against the relator

charging him with the crime of violation of clause (f) of subdivision 4 of section 887 of the Code of Criminal Procedure, in aiding and abetting prostitution. This warrant was based upon depositions signed by Mildred Avery and George Goodstate and an information sworn to by Police Officer Chris McDermott. The relator was arrested, brought into City Court and was arraigned before Hon. JOHN T. BUCKLEY, city judge of the City Court of Utica, N. Y., on the 3d of November, 1928. He was represented by Mr. Willard R. Pratt, his present counsel. The relator appeared generally and pleaded not guilty. The city judge, as required by section 343-n of article 17-B of the Public Health Law (added by Laws of 1918, chap. 264, as amd. by Laws of 1919, chap. 40), ordered a blood test to be taken of the relator, and that he be detained in custody to await the result of the blood test. The criminal proceeding was adjourned to November 12, 1928, at nine-thirty A. M. Relator was committed to the Oneida county jail, where he has since been confined, pending the result of said blood test.

On November 3, 1928, the relator sued out of this court a writ of habeas corpus, asserting that he is illegally detained in custody in the Utica jail for the following reasons:

" a. That the commitment of said Magistrate commits him to the Oneida Jail of Oneida County until November 12th, 1928, and refuses his admission to bail when he is entitled to bail as a matter of right as provided by the Code of Criminal Procedure.

" b. That the warrant herein was issued without probable cause therefor and the information and depositions on which the same was issued are insufficient to charge this petitioner with the commission of the crime charged or of any crime and that said warrant was improperly issued.

" c. That your petitioner is committed to prison in a proceeding not authorized by law, to wit: to ' Await the result of the blood test.' "

Upon the argument on return of said writ the relator contended that the information and depositions upon which said warrant was issued do not contain facts to establish the crime charged or to convict the relator with the commission of the crime attempted to be charged therein or of the commission of any crime and that the said warrant was improperly issued. I am inclined to believe that the facts contained in the depositions and information herein were not sufficient to give the City Court jurisdiction to issue the warrant in question. If the relator had appeared specially and objected to the jurisdiction of the court, doubtless the learned city judge would have discharged him. He appeared generally,

however, pleaded not guilty and thereby waived the defects existing in the depositions and the information. In *People ex rel. Dinsmore* v. *Keeper of Penitentiary* (125 App. Div. 137) the court said (at p. 140): " But even if there was lacking that precision in stating the charge which the statute requires, as contended on behalf of the relator, he not having raised the questions before the magistrate, waived the defect. (*People* v. *Carter*, 88 Hun, 304; *People* v. *Wiechers*, 179 N. Y. 459; *People ex rel. Schneider* v. *Hayes*, 108 App. Div. 6.) "

To the same effect is the case of *People ex rel. Brown* v. *Tighe* (146 App. Div. 491), the court saying (at p. 494): " In *People* v. *Winness* (3 N. Y. Cr. Rep. 89) it was held that where one had been arrested on the strength of a warrant issued upon an unsigned complaint or deposition, and made no objection at the time, and raised the point for the first time on an appeal from a judgment of conviction, he must be deemed to have waived the objection."

The relator having failed to raise timely objections to the sufficiency of the depositions and information, waived the defects therein and that ground is not available to him here.

The relator also contends that he is unjustly imprisoned while awaiting the result of a blood test which the court ordered taken. It is his claim that the court had no jurisdiction to order such blood test and no jurisdiction to remand the relator to custody pending the outcome thereof. Relator further contends that he was ordered detained in custody until November 12, 1928, to await the outcome of said blood test.

Section 343-n of the Public Health Law provides as follows: " Persons under arrest. Every person arrested for vagrancy as defined under subdivisions three or four of section eight hundred and eighty-seven of the code of criminal procedure or under section one hundred and fifty of the tenement house law or under any statute or ordinance for any offense of the nature specified in subdivision four of section eight hundred and eighty-seven of the code of criminal procedure, or arrested charged with a violation of section one thousand one hundred and forty-six or one thousand one hundred and forty-eight of the penal law, or any person arrested for frequenting disorderly houses or houses of prostitution, shall be reported within twenty-four hours by the court or magistrate before whom such person is arraigned to the board of health or health officer of the health district in which the alleged offense occurred, and shall be examined in accordance with the provisions of the preceding section. For purpose of examination and diagnosis as provided in the preceding section, such person may be detained until the results of such examination are known. No such person

if convicted shall be released from the jurisdiction of such court or magistrate until the person so convicted has been examined as provided for in the preceding section."

The above section provides that any person who is arrested charged with any offense of the nature specified in subdivision 4 of section 887 of the Code of Criminal Procedure shall be reported within twenty-four hours by the court or magistrate before whom such person is arraigned to the board of health or health officer of the health district in which the alleged offense occurred and shall be examined in accordance with the provisions of section 343-m (art. 17-B) of the Public Health Law (added by Laws of 1918, chap. 264, as amd. by Laws of 1919, chap. 40). Section 343-n (art. 17-B) further provides that for the purpose of examination and diagnosis as provided in said section 343-m (art. 17-B), such person may be detained until the results of such examination are known.

I am of the opinion that the learned city judge not only had jurisdiction to order the blood test and to order the relator detained in custody pending the result thereof but that it was his duty to do so under said section 343-n of article 17-B.

The following proceedings were had before the learned city judge upon the arraignment of the relator:

" Hon. John T. Buckley, City Judge of Utica presiding.

" In the City Court of Utica, N. Y.

" THE PEOPLE

" vs.

" RAYMOND KROHN

Defendant informed of —— rights

Vio. Sub. Div. 4, Paragraph F, Section 887, Code of Criminal Procedure

Chris McDermott, Complainant

Pleads not guilty

Willard R. Pratt for Defendant

Blood Test ordered, defendant ordered detained in custody to await the result of the blood test

Adj. to November 12, 1928, at 9:30 A. M.

No bail."

It appears from the foregoing that the relator was not ordered into custody until November 12, 1928. The trial of the case was adjourned until that date, the relator being detained pending the result of the blood test. If the blood test should be negative, the City Court can forthwith admit the relator to bail and it would be the duty of that court to do so promptly.

The foregoing sections of the Public Health Law were enacted for the benign purpose of protecting the public against the ravages of venereal diseases. These statutes should receive, therefore, a liberal interpretation. The police and the courts should be encouraged to a vigorous prosecution of this great work.

For the foregoing reasons the writ of habeas corpus should be quashed and the relator remanded to custody.

Ordered accordingly.