THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SOL GEISMAN, Appellant.

County Court, Chenango County, December 22, 1933.

*Truesdell & Marshall*, for the appellant.

*Glenn F. Carter*, for the respondent.

BROWN, J. This is an appeal taken from a judgment of conviction rendered in the City Court of the city of Norwich, N. Y., on September 13, 1933. The notice of appeal does not indicate the offense of which the appellant was convicted. The return of the acting city judge does not show that the appellant was convicted of any crime, as there is nothing in the return to show what occurred after the submission of the case to the jury. From the return as filed, it appears that the defendant appeared in the City Court of

Norwich in response to " traffic ticket by Officer Morrell dated September 8, 1933," and that the defendant was informed " that he was charged with operating an automobile in excess of twenty (20) miles per hour on Cortland Street on September 8, 1933, on complaint of Officer Ivon Morrell." The defendant pleaded not guilty to the oral information of which he was advised and demanded a jury trial. The case was adjourned to September 11, 1933, and again to September 13, 1933, when a trial was had before a jury.

Counsel for the appellant attacks the judgment of conviction on several grounds, among them that the City Court of Norwich acquired no jurisdiction over the person of the defendant because no written information or complaint was filed upon which a warrant could have been issued; that the crime as charged was not proven and, further, that there was no proper proof in the case of any ordinance of the city of Norwich having been violated. It was the claim of the People on the trial that the appellant was driving on Cortland street in the city of Norwich on September 8, 1933, at about three o'clock in the afternoon at the rate of about forty-two miles per hour.

From the return it appears that no written information was filed against the appellant at any time, either prior to his appearance in court at the command of the officer (who apparently delivered to the appellant a so-called " traffic ticket ") or following his appearance before the acting city judge, and no warrant was issued. Nowhere in the proceedings before the City Court does it appear that the appellant was at any time informed of any law or ordinance claimed to have been violated. At the time he appeared in City Court in response to the " traffic ticket," he was orally informed that he was charged with having operated an automobile in excess of twenty miles an hour. He was not informed whether it was the claim of the People that this was in violation of some ordinance of the city of Norwich or a violation of the Vehicle and Traffic Law. In the examination of Lelan Brookins, one of the witnesses for the People, it would appear that the offense for which the defendant was being tried related to the Vehicle and Traffic Law. In the charge of the acting city judge to the jury he purported to quote from some ordinance. The return filed does not show what ordinance, if any exists, the appellant was charged with having violated, except in so far as reference is made to some ordinance in the charge.

The city judge of the city of Norwich, under the charter of the city (Laws of 1914, chap. 34), is empowered to hold Courts of Special Sessions in said city (§ 286). Jurisdiction in Courts of Special Sessions is conferred by the filing of informations (Code

Crim. Proc. §§ 145, 148, 149). In the present case no information charging the defendant with the commission of a crime or the violation of an ordinance was filed, and he was not at any time required to meet a charge based upon a proper and sufficient information. In the absence of an information, charging the defendant with the commission of some specific offense, the Court of Special Sessions acquired no jurisdiction. (*People* v. *James*, 11 App. Div. 609; *People ex rel. Farley* v. *Crane*, 94 id. 397; *People ex rel. Sampson* v. *Dunning*, 113 id. 35; *Matter of Both*, 200 id. 423; *McKelvey* v. *Marsh*, 63 id. 396, 398; *People* v. *Fuchs*, 71 Misc. 69; *People ex rel. Perkins* v. *Moss*, 187 N. Y. 410.)

The appellant having appeared voluntarily in response to the " traffic ticket," it was not necessary that a warrant be issued. An arrest by an officer, for a crime committed in his presence, without a warrant is sanctioned. (Code Crim. Proc. § 177.) Neither was it necessary that a warrant be issued on the appearance of the defendant. It was necessary, however, in order to confer jurisdiction upon the city magistrate that a written information, signed and sworn to, be filed, in order that the defendant might know the crime with which he was charged. Unless the failure of jurisdiction resulting from the absence of a proper information having been laid was waived, the City Court was without jurisdiction to continue with the trial or render judgment against the defendant. The appellant, in his affidavit upon which the appeal was allowed, asserts that his counsel reserved all his rights at the time he was first arraigned in City Court. The inference from such statement, I assume, is that all rights to raise objections or make motions were reserved. The return of the acting city judge does not show such reservation on the part of the attorney. This court is bound by the return as filed with it. However, it does appear from the return that, at the beginning of the afternoon session of the court on September 13, 1933, defendant's counsel moved for his discharge and a dismissal of the information on the ground that the same was insufficient, raising the question in the motion of the want of jurisdiction on the part of the court because of the insufficiency of the information. Although this motion was not made at the beginning of the hearing and not until after some evidence had been received, nevertheless it was raised early in the trial and the court given notice that its jurisdiction was questioned. In view of the motion first made by appellant's counsel during the proceeding and again at the close of the evidence, when the question of the court's jurisdiction because of insufficient information was raised, it can hardly be claimed that the appellant

is estopped from raising the question of want of jurisdiction because of waiver. Had the appellant, at the time of appearing in court, pleaded guilty to the oral charge as made and the court pronounced judgment, he would have been in no position to later question the jurisdiction of the court, as his act in pleading guilty would have constituted a waiver of the defect in the proceedings. (*People ex rel. Krohn* v. *Thomas*, 133 Misc. 145, 147; *People ex rel. Wojek* v. *Henderson*, 134 id. 228; *People* v. *Williams*, 135 id. 564.) I think it was not necessary, in order for the appellant to take advantage on this appeal of the irregularity of the proceedings in City Court, that he should have raised the question of want of jurisdiction when he first appeared before the city magistrate, nor at the very opening of the trial. That he raised the question during the trial and before the issue was finally submitted to the jury sufficiently protected his rights on this appeal. The manner in which proceedings in Courts of Special Sessions shall be conducted is prescribed by the Code of Criminal Procedure and an orderly procedure to be followed in cases coming into such court is clearly outlined. Before the court can acquire jurisdiction to pass sentence in cases before it, such procedure must be substantially complied with. It does not appear to have been in this case.

The appellant also raises the question that there was no proof before the court of the violation of any legally established city ordinance. The record before me is barren of any proof of any city ordinance which, in the charge of the acting city judge, the defendant was claimed to have violated. Courts do not take judicial notice of city ordinances. (*People* v. *Cronin*, 91 Misc. 342; *Porter* v. *Waring*, 69 N. Y. 250.)

It is unnecessary to discuss this point at greater length, as I have reached the conclusion that the City Court was without jurisdiction to render judgment against the appellant for want of a sufficient written information charging the appellant with the commission of some crime.

From the record it appears that the evidence of the officer is undisputed that the defendant, just prior to the time of his arrest, was driving an automobile at the rate of approximately forty miles an hour on Cortland street, Norwich. The streets of the city of Norwich are no proper place for the speeding of automobiles. Users of the streets are entitled to be protected from drivers who use them for speeding purposes, and it is regrettable that it becomes necessary in this case to reverse the judgment which was entered after a jury had passed upon the facts. Nevertheless, the record before me compels such action.

Judgment of the City Court of Norwich is reversed.