THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PETER BALTUSNIK, Appellant.

County Court, Madison County, November 29, 1937,

*Howard Zeller*, for the appellant.

*Royal D. Wolsey, District Attorney*, for the respondent.

CAMPBELL, J. This is an appeal from a conviction after a plea of guilty to a charge of assault, third degree, before a justice of the peace of the town of Stockbridge, which crime was committed in the village of Munnsville, located in said town.

It is the contention of the defendant-appellant that the justice of the peace did not acquire jurisdiction since the village of Munnsville has a police justice, who was acting at the time of the conviction.

It is the contention of the People that the police justice was not legally holding the office and not entitled to act in such capacity because he was nominated for two years at the village caucus. The term of office is for four years.

The village clerk has made an affidavit wherein he says that the candidate for police justice, Howard Zeller, received fifty-two votes at the village election and was the only candidate voted for to fill such office. It further appears that Mr. Zeller filed his oath of office on January 2, 1936, and has been acting as such police justice since this date.

The law is well established that under the facts submitted the police justice is, at least, a *de facto* police justice and, being such, the question cannot be raised collaterally. (*666 West End Ave. Corp.* v. *Deutsch*, 135 Misc. 707; *People ex rel. Sinkler* v. *Terry*, 108 N. Y. 1; *Sylvia Lake Co.* v. *Northern Ore Co.*, 242 id. 144.) In the latter case the court states (at p. 147): " Offices are created for the benefit of the public. Private parties are not permitted to inquire into the title of persons clothed with the evidence of such offices and in apparent possession of their powers and functions."

The remedy, if any, is through the State Attorney-General. (*Matter of Carp*, 178 App. Div. 946; affd., 221 N. Y. 643; Civ. Prac. Act, § 1208.)

It is the further contention of the district attorney that section 180 of the Village Law confers jurisdiction on the part of the justice of the peace in the absence of the police justice. It is apparent that this section applies to village ordinances and not to misdemeanors. The section is headed " Disposition of violations of ordinances." Section 181 provides how fees collected by the justice of the peace for violation of a village ordinance shall be disposed of. The

section is silent as to fines collected for misdemeanors. If section 180 of the Village Law is given the construction claimed by the district attorney, then section 182 of the Village Law cannot be reconciled and is mere surplusage. The section provides, among other things, that the police justice of a village shall have, in the first instance, exclusive jurisdiction to hear, try and determine charges of any misdemeanors committed within such village, subject to the removal to a court having authority to inquire by the intervention of a grand jury. It further provides that a person arrested upon a criminal warrant issued by a justice of the peace shall be taken before a police justice. Jurisdiction of the justice of the peace ends with the issuing of the warrant.

With like effect is the holding in *People ex rel. Saloom* v. *Whitney* (32 App. Div. 144) and *People* v. *Monahan* (257 N. Y. 388).

The defendant did not waive jurisdiction by his plea of guilty. (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314.)

Consequently, the judgment of conviction before the justice of the peace is reversed, the fine remitted, and a new trial granted in the County Court of Madison county.