THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAWRENCE TRAINO, Relator, against EUGENE SLATTERY, Warden of the Penitentiary of the City of New York, Rikers Island, New York, Defendant.

Supreme Court, Special Term, Bronx County, November 10, 1942.

*Emanuel D. Kelmans* for relator.

*Frank S. Hogan, District Attorney* (*John M. Neill* and *David Reisman* of counsel), for defendant.

HAMMER, J. The relator Lawrence Traino in his petition for writ of habeas corpus asserts he was illegally sentenced under the Code of Criminal Procedure, section 891-a, to the New York City Penitentiary for a period not to exceed one year when he should have been as of right sentenced under section 120 of the New York City Criminal Courts Act (L. 1910, ch. 659) for a definite term not exceeding six months. The relief sought is that he be remanded to the City Magistrate's Court for proper sentence in accordance with law, *i. e.,* section 120 of the New York City Criminal Courts Act. The complaint is also attacked.

The disposition involves the construction of the above statutes and in particular the portion of section 891-a of the Code of Criminal Procedure (added by L. 1919, ch. 502, § 3), reading as follows: " The provisions of this section *shall not supersede the provisions* of chapter six hundred and fifty-nine of the laws of nineteen hundred and ten or any amendment thereto, relating to the commitment of convicted persons." (Italics supplied.)

It is asserted that that provision renders the penalties of section 891-a of the Code of Criminal Procedure inapplicable to the city of New York and sentence under section 120 of the New York City Criminal Courts Act exclusively applicable.

As the basis of the relief sought reliance is placed upon a disposition by the Special Term, Bronx County, September 4, 1942 (*People ex rel. Tornello* v. *Slattery,* COHALAN, J., New York Law Journal, Sept. 5, 1942, p. 512), which it is stated involved the same question on similar facts.

It is also said that that disposition was made in reliance upon *People* v. *Maher* (92 Misc. Rep. 50, 61, 62). In the *Maher* case, upon conviction of vagrancy on August 10, 1915, in a Magistrate's Court of New York city, the sentence imposed was under the then-entitled Inferior Criminal Courts Act of the City of New York, chapter 659, Laws of 1910, and amendments. The opinion stated: " While the Tenement House Law as amended defines certain kinds of vagrancy, the punishment which it prescribed for such vagrancy has not since 1910 been applicable in New York city, where defendants were tried before city magistrates;" and chapter 659 of the Laws of 1910 was not repealed by implication by the Tenement House Law, section 150 (Cons. Laws, ch. 16, amd. by L. 1915, ch. 286.)

That conclusion was reached by virtue of the observation that as the Inferior Criminal Courts Act was enacted for New York city, it established a system of local judicial administration and operated to the extent of this lesser scope, while the Tenement House Law was a general law regulative of cities of the first

class; that the Inferior Criminal Courts Act, which was of local application, was not in conflict with the Tenement House Law and was solely controlling upon the magistrates in imposing sentence.

Two cases were distinguished in supporting the conclusion, viz., *People* v. *Jaehne* (103 N. Y. 182) and *People* v. *Jensen* (99 App. Div. 355). The distinguishing feature, it was said, was that in the *Jaehne* case the crime was bribery which has no strictly local character and is identically the same moral turpitude wherever committed in the State, and that the *Jensen* case was decided largely upon authority of the *Jaehne* case.

It is unnecessary to consider the correctness of the reasoning in the *Maher* case. The affirmance of the judgment below was in any event proper, either for the reasons there stated or it seems for those given here. The *Jaehne* and *Jensen* decisions (*supra*) are good law and are applicable to the facts here, as the offense punished under section 891-a of the Code of Criminal Procedure has essentially the same characteristics and turpitude throughout the entire State of New York, and in that respect is dissimilar to the offense in the *Maher* case which there was said to be " local in character, that is to say, not committable everywhere." The offense here was a violation of the provisions of section 887, subdivision 4, clause (f) of the Code of Criminal Procedure of the State of New York. Such an offense obviously was one committable anywhere in the State.

In my opinion, neither the provisions of the New York City Criminal Courts Act nor those prescribed in the Code of Criminal Procedure, section 891-a, as punishment for a violation of section 887, subdivision 4, clause (f) of the Code of Criminal Procedure, was exclusively applicable and controlling, and the question of sentence was discretionary with the sentencing court. (*People* v. *Bendix,* 260 N. Y. 590, affg. 235 App. Div. 837.) Reference in the New York City Criminal Courts Act, section 120, to vagrancy, the statutory offense defined in Code of Criminal Procedure, section 887, is the only authority for imposing sentence under that act. Were it not for such reference the sentence would be controlled solely by section 891-a of the Code of Criminal Procedure. The words " this section [891-a] shall not supersede the provisions " of chapter 659 of the Laws of 1910 or any amendment thereto relating to the commitment of convicted persons, in the absence of language clearly indicating that sentence under the New York City Criminal Courts Act was exclusively controlling, must be taken in their ordinarily accepted meaning, *i. e.,* shall not " take the place of: * * *

set aside; suspend; stay; annul * * *." (Funk & Wagnalls Standard Dictionary [1925 ed.], p. 2426. See also *Taylor* v. *New York Telephone Co.*, 97 Misc. Rep. 160; Vol. 40, Words and Phrases [Perm. ed.], pp. 760–761, citing *Dick* v. *King*, 73 Mont. 456; *New River Mineral Co.* v. *Seeley*, 117 Fed. Rep. 981, 982; *Capell* v. *Capell*, 164 Va. 45; *Chicago, R. I. & P. Ry. Co.* v. *Halliday*, 45 Okla. 536; *City of Los Angeles* v. *Gurdane*, 59 Fed. Rep. [2d] 161, 163; *Cleveland* v. *City of Watertown*, 99 Misc. Rep. 66; *Bishop* v. *Bacon*, 130 Pa. Super. 240.) That the New York City Criminal Courts Act is not exclusively controlling with respect to sentence is realized upon mere reflection that many times the sentence of necessity, or in the exercise of discretion, is under other statutes. (See Code Crim. Pro. §§ 699–771; Parole Commission Law, L. 1915, ch. 579, as amd.; Correction Law; Cons. Laws, ch. 43; Tenement House Law; Cons. Laws, ch. 61, § 150, as amd.)

It is assumed that the information deemed essential to a proper disposition of the case, provided by section 153 of the New York City Criminal Courts Act, was before the magistrate at the time of sentence and led him, upon the prisoner's record and the other facts shown, to use a wise discretion in choosing the sentence imposed. This undoubtedly was the reason for the choice of sentence under Code of Criminal Procedure, section 891-a.

For the foregoing reasons I cannot agree with the disposition in *People ex rel. Tornello* v. *Slattery* (*supra*).

Release is also sought on the ground that the complaint was insufficient, and having pleaded guilty thereto, relator pleaded guilty to no punishable crime.

The complaint may not be as specifically stated as it could be and is not phrased in the exact words of the statute. The charge was that Traino did aid or abet in an act of prostitution on the part of certain females, giving the time and place, and prayed that he be adjudged a vagrant as provided for by section 887, subdivision 4, clause (f), of the Code of Criminal Procedure. This stated the offense, time and place and persons aided and abetted with sufficient particularity to reasonably apprise the offender of the crime charged. The language used would reasonably apprise any person of ordinary intelligence of the crime charged. The complaint need not state the particular crime or offense with the exactness required of an indictment or information. (*People* v. *Hipple*, 263 N. Y. 242, 244.) Under the facts alleged and the prayer that he be adjudged a vagrant, as provided for by section 887, subdivision 4, clause

(f), it is clear that the offender was charged with being a vagrant. In addition, no timely objection was made to the complaint and such defects as could be cured thereupon are deemed waived on appeal and in habeas corpus proceeding. (*People ex rel. Krohn* v. *Thomas,* 133 Misc. Rep. 145; *People* v. *Wiechers,* 179 N. Y. 459.)

In my opinion the judgment of conviction and sentence pursuant to relator's plea of guilty was proper and legal in all respects. Writ dismissed and prisoner remanded.