THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
PAUL TANNER, Appellant.

County Court, Jefferson County, October 3, 1955.

*Lewis G. Spicer* for appellant.

*Angus G. Saunders, District Attorney,* for respondent.

WILTSE, J. The defendant-appellant herein appeals to the County Court of Jefferson County from a judgment of conviction rendered against him on the 22d day of April, 1955, in the Court of Special Sessions, Town of Brownville, before Hon. HOWARD J. NORTON, Justice of the Peace of said town. Said conviction was based upon a violation of section 244 of the Penal Law of the State of New York defining assault in the third degree.

An appeal is also taken from the sentence imposed by the said Justice of the Peace on said date under the judgment of conviction aforesaid.

It appears from the law relating to same that there is no authority to determine separately an appeal from the sentence imposed under a judgment of conviction. The same should be considered in connection with a determination of the appeal from a judgment of conviction. A separate appeal does not lie from a sentence which has been reviewed on appeal from a judgment of conviction. (285 App. Div. 1067, and cases therein cited.)

Briefly, the facts with regard to the instant matter are that the aforesaid defendant-appellant was arrested upon a warrant issued by the Honorable HOWARD J. NORTON, based upon an information sworn to before said HOWARD J. NORTON by the wife of the said defendant-appellant. Her name was Gertrude I. Tanner. The information charged the defendant with the commission of the crime of assault in the third degree in violation of section 244 of the Penal Law. A warrant was issued by the said HOWARD J. NORTON, a Justice of the Peace of the Town of Brownville on April 22, 1955; and the person or persons executing the warrant were directed to bring the defendant-appellant before him to answer thereto in the town of Brownville following his arrest.

Circumstances of the charge placed against the aforesaid Paul Tanner admittedly occurred in the village of Glen Park, which is within the town of Brownville. Admittedly, also, one Naomi Chawgo, is a Police Justice within said village of Glen Park where the alleged assault occurred. Further, it appears from all of the papers before the court, and is admitted by counsel and all parties, that the said Police Justice of the Village of Glen Park was absent from office and residence at the time that the information was sworn to before the aforesaid Justice of the Peace, and at the time of the issuance of the warrant, and at the time of all of the proceedings that occurred subsequent to same. It further appears from the facts of the situation that said Police Justice was not absent from this county; and that her office and residence in the village of Glen Park were immediately adjacent to other portions of the town of Brownville that were not within the confines of the village of Glen Park.

Apparently, based upon the fact that the said Police Justice was not at her office and residence at the time the warrant was sought, it was assumed that the Justice of the Peace had jurisdiction over the matters alleged in the information.

With all due respect to the officials involved, it is believed that a police justice of the Village of Glen Park, or any other village for that matter, acts under authority of sections 180 and 182 of

the Village Law of the State of New York, and is subject to the conditions enumerated in said sections, and in section 60 of the Code of Criminal Procedure, and the decisions that have construed the same. By the same token, a justice of the peace in any town within which a police court justice of a village within such town has been qualified to act, is subject to the jurisdiction conferred by the sections stated above, and the decisions with respect thereto.

A police court justice within a village that is part of a duly constituted town of this State has exclusive jurisdiction over any misdemeanor committed within the said village, subject to the right of removal to the Grand Jury, and subject to certain other conditions and limitations therein contained in the aforesaid sections. None of those are here present. (Village Law, § 102; *People* v. *Monahan,* 257 N. Y. 388; Code Crim. Pro., § 60.)

As to violators of village ordinances, the situation might be different, but a misdemeanor is the charge here, and not a violation of a village ordinance.

Further, the warrant issued herein did not direct the appearance of the said Paul Tanner before the Police Justice at a specified time.

If there were any foundation for the disposal of the charge before the Hon. HOWARD J. NORTON, the warrant should have directed the appearance of the defendant-appellant before the Police Justice, in order to afford a basis for jurisdiction of said Police Justice and his court in the matter; and such jurisdiction, if any, would then have been subject to other principles than are hereinabove mentioned, or necessary to consider.

There is a further question raised by the respondent, namely, that a plea of guilty precludes the appeal taken here. Also, under the time honored rule of law, an appeal must be determined upon the return. But the courts have further stated that where a matter of jurisdiction is involved, the rule is otherwise. This appeal was timely, and many courts have determined that where a matter of jurisdiction is involved, a judgment of conviction may be reviewed even though a plea of guilty had previously been entered therein, and the return is not necessarily conclusive. (*People* v. *Baltusnik,* 165 Misc. 173, and cases therein cited; *People ex rel. Radaha* v. *Mock,* 69 N. Y. S. 2d 725; *People* v. *Jacoby,* 304 N. Y. 33; *People* v. *Kugalman,* 188 Misc. 135.)

It is therefore concluded that a separate appeal does not lie from the sentence which has been reviewed on this appeal from the judgment of conviction aforesaid. Same is determined

upon the conclusion herein reached regarding the judgment of conviction.

It is further determined that even though a plea of guilty was interposed herein, followed by a judgment of conviction, that a jurisdictional matter is involved that is properly raised herein, and that the Police Justice of the Village of Glen Park had exclusive jurisdiction over the alleged crime; that the conviction of the defendant-appellant under the judgment of conviction aforesaid was jurisdictionally defective and a nullity; and therefore, that said judgment of conviction should be reversed, the information and charge against him dismissed; it necessarily following that any sentence under said judgment of conviction is vacated.

An order that conforms to the above should be submitted.