Edmund A. McCarthy, J.
On June 18, 1966, the defendant was convicted on a plea of a charge of reckless driving and his license was revoked.
The affidavit of errors challenges the jurisdiction of the Court of Special Sessions, also the right to revoke defendant’s license, and failure to properly be advised.
It would seem that the alleged violation of reckless driving occurred in the Village of Middleville, Herkimer County. This village has a Police Justice, duly elected, and the Town of Fair-field, in which the village is located, has a Justice of the Peace, but the village does not have an Acting Police Justice. On June 18, 1966, neither the Police Justice of the Village of Middleville nor the Town Justice of the Town of Fairfield was available. In an attempt to follow the provisions of section 164 of the Code of Criminal Procedure, the defendant, who was arrested without a warrant, was taken before the nearest or most accessible Magistrate for an arraignment. The officer was also trying to comply with section 165 of the code concerning unnecessary delay.
However, this violation, having taken place in the Village of Middleville, comes under the provisions of section 182 of the Village Law which gives the village court exclusive criminal jurisdiction of any misdemeanor committed within the village. Section 187 provides for the Acting Police Justice and his powers and liabilities. It would seem that when the Police Justice of the village and the Acting Police Justice, if any, are not available, then the defendant may be taken before a Justice of the Peace of the town in which a portion of the village may be. But the arresting officer can go no further. This is a peculiarity of village violation as contrasted with the other provisions of the Code of Criminal Procedure concerning accessible Magistrates.
It would, therefore, appear that the Court of Special Sessions, Town of Salisbury, was without jurisdiction and that this was exclusively a Police Court matter of the Village of Middleville *361 and of a Justice of the Peace of the Town of Fairfield, and there it should have been handled.
Because of want of jurisdiction, the judgment of conviction on the plea is defective, and such conviction is set aside and the order of revocation of the defendant’s license is annulled.