Mabquette L. Floyd, J.
The defendant was served with a summons for driving while intoxicated in the Village of Bright-waters. The summons was made returnable in the Police Justice Court of Brightwaters. However, the information was filed in the District Court, where the action is now pending. The defendant is moving to dismiss claiming that the District Court lacks jurisdiction over misdemeanors committed in a village, which has a Police Justice Court. He bases this claim on section 182 of the Village Law which gives the Police Justice Courts exclusive jurisdiction over misdemeanors committed within the village. The defendant also claims that in any case the District Court does not have jurisdiction in: this case because the summons was made returnable in the Brightwaters Police Justice Court. The People oppose the motion citing the subsequently enacted section 2001 of the Uniform District Court Act which gives the District Court and Police Courts concurrent jurisdiction over misdemeanors. As to the defendant’s second argument the People claim that where the summons is returnable has no jurisdictional effect, as it is the information which gives the court jurisdiction over a criminal proceeding.
Section 182 of the Village Law provides: “ The police justice of a village may hold a court of special sessions therein and shall have in the first instance exclusive jurisdiction to hear, try and determine charges of any misdemeanor committed within such village, subject to the right of removal, as provided by the code of criminal procedure to a court, having authority to inquire by the intervention of a grand jury into offenses committed within the county.”
Section 2001 of the Uniform District Court Act provides: ‘ ‘ Each of the judges of the court may sit as a court of special sessions, and as such shall have original jurisdiction of all misdemeanors committed at any place within the territorial jurisdiction of the court; and, sitting as a magistrate, he shall also have jurisdiction of all offenses of a grade less than misdemeanor committed at any place within such territorial jurisdiction. Jurisdiction in each pase shall be concurrent with the *145 jurisdiction of police justices, justices of the peace or judges of city courts within such territory.”
In People v. Monahan (257 N. Y. 388) the Court of Appeals held that section 182 of the Village Law gives exclusive jurisdiction to the Police Justice of a village to hear, try and determine charges of any misdemeanor committed within such village subject to the right of removal as provided by the Criminal Code into a court having authority to inquire by Grand Jury as to offenses committed within the county.
Justice of the Peace courts have no jurisdiction to try misdemeanors, which were committed within a village, which has a Police Justice Court in session, as section 182 of the Village Law vests jurisdiction exclusively in the latter court (People v. Humphreyville, 51 Misc 2d 359; People v. Tanner, 208 Misc. 681).
In People v. Kramer (10 Misc 2d 473) the Nassau County •Court spoke of section 230 of the since repealed Nassau County District Court Act. It said that by passing section 230 the State Legislature gave Nassau County District Court jurisdiction over all the misdemeanors committed within the county.
The most important case dealing with section 2001 of the Uniform District Court Act is Matter of Doran v. District Court of Nassau County (45 Misc 2d 212). In this case an article 78 proceeding was brought in the Supreme Court, Nassau County, to enjoin and restrain the District Court of Nassau County from taking any further proceedings on an information charging the petitioner with operating an automobile on a public highway in the City of Glen Cove while intoxicated, Justice Edward Robinson said (p. 215): “ Either the City Court of the City of Glen Cove or the District Court of the County of Nassau had original jurisdiction to hear and determine the charge of a violation of subdivision 2 "of section 1192 of the Vehicle and Traffic Law. No information was filed in the City Court of the City of Glen Cove so that no prosecution was commenced in that court. An information was filed in the District Court of the County of Nassau and prosecution commenced in that court. The arrest of a defendant does not commence the prosecution (Code Crim. Pro., § 144). Thus, the question as to whether an arrest of the petitioner was actually made on the night of the accident becomes academic. ’ ’
There is an obvious conflict between section 182 of the Village Law which gives Village Police Justice Courts exclusive jurisdiction over misdemeanors and section 2001 of the Uniform District Court Act which provides that the District Court has concurrent jurisdiction with Police Justice Courts over misde *146 meanors. Section 182 of the Village Law was enacted in 1909. The Uniform District Court Act (§ 2001) was enacted in 1963. McKinney’s Consolidated Laws of New York (Book 1, Statutes, § 398) states: ‘ ‘ If without violating the established canons of interpretation the courts can so construe two statutes that they will be in harmony, it is their duty to give them that effect. But, if the statutes are in irreconcilable conflict, it is likewise the duty of the courts to declare the abrogation of the earlier. Every statute is by implication a repeal of all prior statutes, so far as it is repugnant and contrary thereto; for the latest constitutional enactment must be deemed the law to which all earlier statutes must submit so far as conflict exists.”
Based on this canon of statutory interpretation section 2001 of the Uniform District Court Act abrogates the previously enacted section 182 of the Village Law. Therefore, the present law is that in Nassau and Suffolk Counties the District Court has concurrent jurisdiction with the Village Police Justice Courts of the county over misdemeanors committed in those counties. The eases cited previously, which held that the Police Justices have exclusive jurisdiction either were decided before the enactment of the Uniform District Court Act, or in the ease of People v. Humphreyville (supra) did not deal with the counties which the Uniform District Court Act covers.
The defendant’s second argument for dismissal because the summons was returnable in the Police Justice Court is also without merit. The delivery of a summons to a defendant is a notice to him to appear in a given court on a given day at which time he will be charged with a particular offense (People v. Scott, 3 N Y 2d 148; Matter of Coville v. Bennett, 57 Misc 2d 838). Its service does not give the court jurisdiction over the defendant’s person (People v. Consolidated Edison Co., 42 Misc 2d 422; Matter of Coville v. Bennett, supra). The place of filing the information is the basis of the court’s jurisdiction (People v. Geisman, 149 Misc. 847; People v. Preble, 39 Misc 2d 411). In the Preble case the court said that the issuance of a uniform traffic ticket is neither necessary nor effective to confer jurisdiction on the court in which it is returnable. Since the information was filed in the District Court, it has jurisdiction over these proceedings.
However, the simplified traffic information in the case at hand also states that it is returnable in the Police Justice Court of Brightwaters. Section 147-c of the Code of Criminal Procedure requires that the name of the court to which the information is presented be specified. To specify the proper court the information must be amended.
*147 A court has the power to amend an information even though the amendment may affect a matter of substance (People v. Easton, 307 N. Y. 336; People v. Kramer, 10 Misc 2d 473, supra).
Section 293 of the Code of Criminal Procedure allows an amendment of the indictment when a variance between the allegation therein and the proof in respect to time, or in the name or description of any place, person or thing shall appear, if the defendant cannot thereby be prejudiced in his defense on the merits.
Amendments of informations and indictments have been allowed to change the date of commission of the crime (People v. Easton, supra) the name of the accused (People v. Cruz, 285 App. Div. 1076) and the name of the court (People v. Turner, 58 Misc 2d 487).
In the Turner case the People sought to amend the information to remove the words “ Village Justice ” from under the Judge’s signature and replace it with 11 Town Justice ”. The court allowed the striking of the words “ Village Justice ” but said that it should be replaced by the words ‘ ‘ Town Court ’ ’ rather than “ Town Justice ”.
The court in the case at hand believes that the information should be amended to replace the Police Justice Court of Bright-waters with the First District Court of Suffolk County. The defendant was arraigned in the District Court and her defense on the merits would not be prejudiced by keeping the proceedings in this court.
The motion of the defendant should be denied. The District Court has jurisdiction over misdemeanors committed within the county and, therefore, the matter is properly brought before this court. Since the information was filed in the District Court the court has jurisdiction over this particular proceeding. An amendment of the simplified traffic information should be made to put the proper court of jurisdiction on it in conformity with section 147-c of the Code of Criminal Procedure.