CHARLES H. CLARK, ESQ. Canajoharie
We acknowledge receipt of your letter stating that your village recently established the office of one village justice and that there has not yet been appointed an acting village justice. You request our opinion whether an acting village justice must be appointed. You also inquire about what jurisdiction a town justice has in connection with cases arising within a village constituting a part of the town when that village has established the office of village justice.
In our opinion, based upon an informal opinion of this office reported in 1976 Op. Atty. Gen. 141, copy previously forwarded to you, when the office of one village justice has been established in a village pursuant to Village Law § 3-301, subd. 2, par. a, it is mandatory that there be appointed an acting village justice.
The question of jurisdiction of a village court and of a town court of a town in which the village lies has two components, one being civil jurisdiction and the other, criminal jurisdiction. Each of these components has two elements, one being subject matter jurisdiction, the other being geographic jurisdiction. This opinion relates to geographic jurisdiction, it being assumed throughout the opinion that the subject matter jurisdiction in civil matters is that conferred by the Uniform Justice Court Act (hereinafter referred to as the UJCA) and by other statutes, and in criminal matters is that conferred by the Criminal Procedure Law § 10.30 (hereinafter referred to as the CPL) and other statutes on "local criminal courts", in which category town and village courts are placed by CPL § 10.10, subd. 3, pars. (d) and (e).
 CIVIL JURISDICTION
The UJCA, in Article 2, by § 201, subd. b. provides that "the town court and the village court of a village wholly or partly within such town and wherein a court has been established shall have concurrentcivil jurisdiction over causes of action arising within such village." (Emphasis supplied.) This provision was added by an amendment to the UJCA in 1970. However, note the following exception: UJCA §2300, subd. d, par. 2 provides that a village court of a village situated within a district of any district court shall not have the civil jurisdiction conferred by UJCA, Art. 2.
 CRIMINAL JURISDICTION
The UJCA was passed in 1966 and became effective on September 1, 1967. It provides, in § 2300, subd. b. par. 1, that it applies to town courts and village courts. Under the former Village Law, the Justice Court Act and the Code of Criminal Procedure, in villages which had established a village court under the provisions of former Village Law §§ 180 — 199-f (contained in previous Article 7, subsequently redesignated Article 5-C thereof) a village court had exclusive jurisdiction of criminal matters arising within the village, including village ordinance violation prosecutions, which jurisdiction, in the event a village had not established a court, would have been in the town court of the town in which the village lay. People ex rel. Saloom v Whitney, 32 App. Div. 144
(1898); People v Monahan, 257 N.Y. 388 (1931); People v Baltusnik,165 Misc. 173 (1937); People v Tanner, 208 Misc. 681 (1955); People vKern, 51 Misc.2d 209, affd 56 Misc.2d 557 (1966); People vHumphreyville, 51 Misc.2d 359 (1966). The Justice Court Act was replaced by the UJCA which did not change this principle as is demonstrated by the case People v Mulligan, 64 Misc.2d 143 (1970). The Code of Criminal Procedure was replaced by the CPL, enacted by Ch. 996 of the Laws of 1970, which became effective on September 1, 1971 and which, by § 1.10, applies exclusively to all criminal actions and proceedings commenced on or after its effective date. The former Village Law was replaced by a new Village Law enacted by Ch. 892 of the Laws of 1972, which became effective September 1, 1973. The present Village Law, except for authority to establish or discontinue a village court, and for budgetary provisions, contains no provisions relating to village courts or their jurisdiction and function. This was no longer necessary, they now being provided for by the UJCA and the CPL.
It is necessary to examine these statutes to determine whether exclusive criminal jurisdiction of a village court in criminal matters still exists.
CPL § 120.30, subd. 1 provides that a warrant of arrest may be issued only by the local criminal court with which the underlying accusatory instrument has been filed and may be made returnable in such issuing court only. CPL § 120.30, subd. 2 provides, in part, that the particular local criminal court with which the accusatory instrument may be filed in order to obtain a warrant of arrest is to be determined generally by the provisions of CPL § 100.55. It is only the court in which the accusatory instrument is filed which can issue a warrant of arrest and the instrument can be filed only in the court which has jurisdiction to try the matter. The place of filing is the basis of the court's jurisdiction (People v Mulligan, 64 Misc.2d 143
[1970]).
CPL § 100.55 relates to the local criminal courts in which local criminal court accusatory instruments are to be filed. CPL § 100.55, subd. 4 provides that an information, a simplified traffic information, a prosecutor's information or a misdemeanor complaint may be filed with a town court of a particular town when an offense charged therein was allegedly committed anywhere in such town "other than in a village thereof having a village court": the plain meaning of this is that if a village in the town has a village court and the offense charged was claimed to have been committed in the village, it would not be proper to file those instruments in the town court. CPL § 100.55, subd. 5 provides that such documents be filed with a village court of a particular village when an offense charged in the documents was allegedly committed in such village: the plain meaning of this is that the town court is an improper place for such filing. It follows that the town court has no jurisdiction within a village which has a village court.
In our opinion, in villages in which a village court has been established, the village court has exclusive jurisdiction over criminal matters otherwise cognizable by the town court of the town in which the village lies. Notable, but not necessarily the only, exceptions to the foregoing statement, are:
1. CPL § 100.55, subd. 8 provides:
 "8. Where it is otherwise expressly provided by law that a particular kind of accusatory instrument may under given circumstances be filed with a local criminal court other than one authorized by this section, nothing contained in this section precludes the filing of such accusatory instrument accordingly."
2. CPL § 20.50, subd. 2 provides:
 "2. Where an offense prosecutable in a local criminal court is committed in a city other than New York City, or in a town or village, but within one hundred yards of any other such political subdivision, it may be prosecuted in either such political subdivision."
3. CPL § 120.30, subd. 2 provides, in part, that when a particular accusatory "instrument may be filed pursuant to said section 100.55 with a particular village court and such village court is not available at the time, it may be filed with the town court of the town embracing such village, or if such town court is not available either, with the town court of any adjoining town of the same county."
4. UJCA § 2300, subd. d. par. 2 provides, in part, that the criminal jurisdiction of a village court of a village situated within a district of any district court "shall be limited to that provided for in the act creating, or regulating the administration of, such district court."